BRINKER and others, Respondents, vs. BRINKER and others, Appellants.

*November 24, 1899 — January 9, 1900.*

*Fraudulent conveyances: Partition: Debtor and creditor.*

1. Defendant B., who was the owner of an undivided half of two certain lots, plaintiffs owning the other undivided half, conveyed his share to his wife in fraud of his creditors. The premises were partitioned by commissioners, who awarded plaintiffs one lot and B.'s wife the other, on condition that she pay plaintiffs $1,000, which was done and mutual deeds of release executed and delivered. Thereafter plaintiffs, who had become judgment creditors of B., brought this action to set aside B.'s conveyance of the lot to his wife. *Held,* that while the division of the property was made an equal one by the payment of the $1,000 and neither party had a greater amount of value than before, yet B.'s wife had invested $1,000 of money in land, and hence has a greater interest in the lot than she had before.

2. Whether the money was the wife's separate property, or her husband's money, there could be no recovery in such an action which would affect the interest purchased by the $1,000, and the judgment should be so framed as to secure the wife an interest or lien upon the lot to that amount, paramount to plaintiffs' claim.

APPEAL from a judgment of the circuit court for Ashland county: A. J. VINJE, Judge. *Affirmed in part; reversed in part.*

This is an action to set aside certain conveyances of real estate as fraudulent and void as to the creditors of the defendant *Henry Brinker*. The facts are, in brief, as follows: The plaintiffs are the infant heirs of one Louis Brinker, deceased, intestate; the defendants are husband and wife. On the 6th of November, 1889, *Henry Brinker*, being indebted to the plaintiffs in the sum of $3,133, gave his notes for that sum to the plaintiffs' guardian, secured by mortgage on certain lands in Ashland and Oneida counties, and certain lands in the city of Ashland, none of which are involved in this action. The plaintiffs' guardian assigned a part of the notes to third persons, and retained a part thereof. The notes not being paid when due, the mortgage was foreclosed by the holders, the mortgaged lands sold, and a deficiency judgment rendered in favor of the plaintiffs on the 4th of October, 1893, for $1,384.76, which is still unpaid. Prior to the commencement of this action, execution was issued upon such judgment, and returned unsatisfied. At the time of the execution of the mortgage *Henry Brinker* owned in severalty lots 1, 2, and 3, of block 107, in Ellis's division, city of Ashland, which was his homestead; also lot 14, block 54, in this division; also the S. W. ¼ of section 12, township 44, range 3, in Ashland county. *Henry Brinker* also owned at the same time an undivided half of lots 19 and 20, block 111, of Vaughn's division in the city of Ashland, and the plaintiffs owned the other undivided half of said lots 19 and 20. On the 15th of January, 1890, *Henry* conveyed to his wife, through a third person, without consideration, all of said property, to wit, lots 1, 2, and 3, block 107, lot 14, block 54, the S. W. ¼ of section 12, township 44, range 3, and the undivided half of lots 19 and 20, block 111. In May, 1890, partition proceedings were had in the county court of Ashland county, and commissioners appointed to partition said lots 19 and 20 between the owners thereof. The commissioners found and reported that lot 20 was worth

more than lot 19 on account of a building thereon, and they awarded it to *Sophia Brinker* on payment by her of $1,000 to the plaintiffs, and they awarded lot 19 to the plaintiffs. The payment of $1,000 was made, and mutual deeds of release exchanged, in order to carry out the partition.

Upon those facts the court decided that the deeds of *Henry Brinker* to his wife, and the conveyances by which the title of lot 20 was vested finally in the wife, were fraudulent and void as to creditors of *Henry Brinker*, except as to lots 1, 2, and 3 of block 107, which constituted *Henry Brinker's* homestead, and that *Sophia Brinker* knew and participated in the fraudulent intent of *Henry Brinker;* and all of said conveyances were set aside as to creditors, and said lands declared subject to levy and sale upon execution upon the plaintiffs' judgment. From this judgment the defendants appeal.

For the appellants there was a brief by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins*.

*Adolph Kanneberg*, for the respondents.

Winslow, J. There is no ground which we have been able to find in the record for disturbing the findings of fact upon which the voluntary deed from *Henry Brinker* to his wife through Damity was held to be fraudulent and void. The evidence was entirely sufficient to support such findings, and hence they must be considered as final.

A difficulty occurs as to lot 20, which necessitates modification of the judgment. As appears by the statement of facts, lots 19 and 20 were originally owned by the plaintiffs and the defendant *Henry Brinker* in undivided equal shares. The defendant then fraudulently conveyed his undivided half to his wife, *Sophia*. In the course of partition proceedings thereafter had, *Sophia* was awarded lot 20 and the plaintiffs lot 19; but, lot 20 being more valuable than lot

19, it was determined that *Sophia* should pay $1,000 to the plaintiffs to make an equal partition, which was done, and deeds of release were exchanged. The court held that this transaction gave neither the defendant *Sophia* nor the plaintiffs any more or less property than they had before the partition, and hence that it did not in any way affect the relief to which the plaintiffs were entitled.

The fallacy of this reasoning is apparent. While the division of the property was made an equal one by the payment of the $1,000, and neither party had any greater amount of value than before, still the fact that *Sophia* had invested $1,000 of money in land, and hence had a greater interest *in land* than she had before, was lost sight of. She had converted $1,000 of money into land; hence her interest in real estate was greater in that amount. If this money was paid out of her separate estate, the interest in land which she purchased therewith was her separate property; and, having been purchased of the plaintiffs, and paid for, and not of her husband, the plaintiffs could not set the conveyance of that interest aside. If, however, as seems to be claimed, it was purchased with her husband's money, and not with her separate estate, then the title to that extent vested in her, subject to a trust in favor of all of her husband's creditors, and one of such creditors cannot, by an action like the present, obtain a preference over the others. *Miner v. Lane,* 87 Wis. 348. In either event there can be no recovery which would affect that interest in this action, and the judgment should be so framed as to secure to *Sophia* an interest or lien upon lot 20 to the amount of $1,000 paramount to the claim of the plaintiffs.

So much of the judgment as divests the defendant *Sophia Brinker* of an interest in or lien upon lot 20 to the extent of $1,000 must be reversed, and the remainder of the judgment affirmed, and the action remanded, with directions to

modify the judgment in accordance with this opinion, so as to preserve the rights of *Sophia Brinker* as to said $1,000 interest or lien.

*By the Court.*— It is so ordered. No costs will be taxed in favor of either party, except the fees of the clerk of this court, which will be taxed against the respondents.