K. W. ELLIS v. H. M. REMLEY, Judge.

115    381
138    227

Decrees: VACATION DURING TERM: *When invalid.* An order vacating a decree entered upon an application made at the same term of court, but more than three days after entry of such decree, without notice to the adverse party is conceded *arguendo* to be invalid.

CONFIRMATION OF INVALID ORDER. A decree was vacated, upon defendant's application, during the same term, but more than three days after entry thereof, without notice to plaintiff. Subsequently, during the same term, plaintiff moved to set aside the vacating order and to reinstate the decree for want of notice and insufficiency of application. *Held*, that the decision of the court on the merits confirming the vacating order as originally entered rendered the order valid.

*Certiorari from Lynn District Court.*—HON. H. M. REMLEY, Judge.

SATURDAY, JANUARY 25, 1902.

IN a cause pending in the district court of Linn county, wherein plaintiff sought judgment and the foreclosure of a mechanic's lien against James McGuire, issues had been joined, and the case set down for trial November 12, 1900. When called, McGuire and his attorney failed to appear, and the court, after hearing the evidence adduced by plaintiff, ordered relief as prayed, and two days later signed a decree therefor in due form, which was spread upon the records. On the 19th day of November McGuire filed a motion to set aside the judgment, and, though no notice had been served on plaintiff, the court, December 1st, sustained it upon the payment of costs of the trial and of entering judgment, which was done. December 11th the plaintiff moved that the order vacating the decree be set aside, and

said decree be reinstated. All this occured during the No-
vember, 1900, term of court, and before the record was
signed, and on January 11, 1901, of the succeeding term,
both parties appearing, this last motion was overruled. In
the petition for writ of certiorari the defendant is charged
with having exceeded his authority in setting aside the de-
cree without notice.—*Dismissed.*

*L. M. Kratz* for plaintiff.

J. H. *Crosby* for defendant.

LADD, C. J.—It may be conceded that, subsequent to
the three days allowed after the entry of the judgment with-
in which to move for a new trial, the adverse party should
be given notice of an application to vacate or modify a
judgment, though at the same term of court, *Perry v. Kas-
per,* 113 Iowa, 268; *Hawkeye Ins. Co. v. Duffie,* 67 Iowa,
175; *Townsend v. Wisner,* 62 Iowa, 672; *Chicago, Iowa &
Dak. Co. v. Estes,* 71 Iowa, 603. But conceding
the invalidity of the order vacating the decree when
originally made, was it not fully confirmed by the
subsequent ruling? The plaintiff's motion to set aside that
order and reinstate the decree was based on two grounds:
(1) Absence of notice, and (2) insufficiency of facts stated
in the application to set aside the decree. To this McGuire
appeared. The court then had jurisdiction of the parties.
What was it called upon to determine? First, whether the
order was improperly entered without affording plaintiff
opportunity of being heard. This undoubtedly had been
done, and, had the motion contained nothing more, the
decree must have been reinstated. In that event McGuire's
application to set it aside would have been still pending
and undecided. But it would be idle to reinstate the decree
if immediately thereafter it must be vacated upon the con-
sideration of McGuire's application. Hence the plaintiff

also invoked a ruling on the merits of said application at the same hearing by asserting, as the second ground for vacating the order granting a new trial, failure to state "sufficient facts to entitle him to the relief prayed." No question is now made but that the facts stated were sufficient, and we think the ruling of the court in denying plaintiff's motion tantamount to saying that, though the order setting aside the decree and granting new trial may have been invalid for want of notice, yet, on full hearing, it is found to be such as the record exacted, and should therefore be confirmed. In other words, plaintiff's motion no more than called for a reconsideration of McGuire's application, owing to want of notice, and demanded a ruling on the merits. Instead of reinstating the decree, and immediately vacating it, the court, by overruling the motion, confirmed the order as originally entered. When thus approved, the court was with jurisdiction, and the order made valid.—DISMISSED.