IN THE MATTER OF THE ASSIGNMENT OF C. L. WILSON, Assignor, C. W. WILSON, Assignee, v. E. H. McCUTCHEN, Estate Claimant, S. A. MAXWELL & CO. ET AL., Creditors, Appellants.

**Judgments:** MODIFICATION: WAIVER OF OBJECTIONS TO APPLICATION.
1  Where a party has appeared and submitted his case on the merits on an application for a modification of the decree in an equitable action, without objection to the sufficiency of the application or the time of filing the same, he will be deemed to have waived objection thereto and the question of modification may be determined.

**Assignment for benefit of creditors:** GENERAL CREDITORS: DISTRIBU-
2  TION OF ASSETS. Whatever funds certain general creditors may have assisted in saving to the estate by contesting an invalid claim belong to all the general creditors, who stand upon the same footing, such contesting creditors gaining no preference by reason of their contest.

*Appeal from Ida District Court.*—HON. F. M. POWERS, Judge.

FRIDAY, JANUARY 17, 1908.

REHEARING DENIED, SATURDAY, APRIL 11, 1908.

APPEAL from an order modifying a former decree.— *Affirmed.*

*Chas. S. Macomber,* for appellants.

*J. B. Tourgee,* for appellee.

SHERWIN, J.   C. L. Wilson made a general assignment
for the benefit of his creditors to the plaintiff herein.   There-
after claims were filed with the assignee aggregating a large
amount, among which were the claims of the appealing
creditors and a claim of the estate of E. H. McCutchen for
over $4,000.   The appellants and the assignee filed objections
to the claim of the McCutchen estate, alleging that the chattel
mortgage given to secure the same was fraudulently with-
held from record, and was therefore void as to the creditors
of said C. L. Wilson.   Issue was joined on the objections,
and a trial had in equity in which the assignee and the ap-
pellants participated.   The case was taken under advisement
by the trial court, with the agreement among all parties that
a judgment might be rendered in vacation.   More than a
year after the trial a decree was signed which adjudged the
McCutchen mortgage to be invalid as to the appellants, be-
cause of its fraudulent character, and which established their
claims in preference thereto and ordered them paid.   The
decree was silent as to the rights of the other general credit-
ors which were represented by the assignee.   This decree ap-
pears to have been prepared by the attorney for the appel-
lants without consultation with or notice to the assignee or
his counsel.   Still later, but within a year, the assignee made
application for a modification of the decree which would
permit all the general creditors of C. L. Wilson to participate
pro rata in the final distribution of the funds in his hands.
The application was contested by the appellants, but on
final hearing the modification was made.

The appellants contend that the court was without
authority to make the modification in question, and further
that the original decree was right on the merits of the case.

1. JUDGMENTS:
modification:
waiver of
objection to
application.     It is said that no authority for such modifi-
cation can be found in sections 243, 244, or
4091 of the Code.   That these sections fur-
nish no authority for modifying the decree on the applica-
tion and showing made, may be conceded for the purposes

of this case.   But, notwithstanding this, we think the appellants cannot now justly complain of the order.   The application was in writing with full notice to them, and it was heard and disposed of on its merits without any question as to the sufficiency of the application itself or the time within which it was made.   It is the policy of the law to give trial courts ample opportunity to correct errors of law or fact; and, while such corrections can only be made in accordance with the law, where a party has, upon notice, appeared and submitted his case on the merits without in any way assailing the procedure, he should not afterwards be permitted to raise the question.   Under section 3755 of the Code a new trial may be ordered on account of an erroneous decision, and, while the application therefor under said section must be made within three days after the decision, we know of no reason why the time fixed by the statute may not be waived, and the application heard on its merits.   This case was tried in equity, and there was a full hearing on the questions presented in the application for the modification of the decision, and it was therefore proper for the court to make a final order upon said hearing without the needless ceremony of granting a new trial.   *Ellis v. Remley,* 115 Iowa, 381.

The appellants make the further claim that on the merits of the case they should be preferred to the other general creditors.   But we are unable to discover any reason

**2. Assignment for benefit of creditors: general creditors: distribution of assets.**   or authority for so holding.   Wilson's estate was in the hands of an assignee for the benefit of all creditors.   The appellants filed their claims with him, as did the other general creditors, and the estate of McCutchen.   They were all seeking payment, in whole or in part, from the same general fund. No one of the general creditors had acquired any right to preference by reason of a lien or otherwise.   All creditors had the right to contest the claims filed, but because of a successful contest no creditors thereby became entitled to more of the

general fund than a *pro rata* share thereof. A different case might possibly be presented were the appellants seeking to reach a particular fund upon which they claimed priority. Nothing of the kind is in this case, however, and whatever funds they may have assisted in saving the estate by their part in contesting the McCutchen claim must be distributed as the general funds of the estate without preference to any creditor. *Hamilton-Brown Shoe Co. v. Mercer,* 84 Iowa, 537; *Mehlhop v. Ellsworth,* 95 Iowa, 657; *Liddle & Carter v. Allen,* 90 Iowa, 738; *Brinker v. Brinker,* 105 Wis. 231 (81 N. W. 402); *Miner v. Lane,* 87 Wis. 348 (57 N. W. 1105).

The judgment must be, and it is, *affirmed.*