GERMAN SAVINGS BANK, Appellant, v. LEONARD FRITZ.

**Slander:** EVIDENCE. In an action for slander brought by a bank on the ground that defendant had made false statements concerning its financial condition, evidence of the withdrawal of deposits was properly excluded, where no connection between the alleged slanderous statements and such withdrawal of funds was shown.

**Same:** REPETITION OF SLANDER. Repetitions of a slander are in themselves actionable, and the consequences thereof are not chargeable to the one who first made the statements.

**Same:** EXCLUSION OF EVIDENCE. Where the words spoken do not constitute slander there can be no recovery of special damage, and the exclusion of evidence thereof is not prejudicial.

**Privilege:** PLEADING. Where the facts relied upon as rendering a communication privileged are specifically pleaded, and it is alleged that they were spoken in good faith, the question of privilege is thus made an issue.

**Malice:** BURDEN OF PROOF. Where words alleged to be slanderous are shown by defendant to have been privileged the burden is on plaintiff to establish actual malice in their utterance.

**Privilege:** INSTRUCTION. Failure to refer to the question of privilege in stating the issues was not prejudicial where the matter was fully covered in subsequent instructions.

*Appeal from Bremer District Court.*— HON. CLIFFORD P. SMITH, Judge.

TUESDAY, DECEMBER 11, 1906.

REHEARING DENIED, MONDAY, JUNE 10, 1907.

ACTION to recover damages for the slander of plaintiff bank by defendant in falsely and maliciously speaking concerning it, words intended to convey the impression that it was financially unsound, and causing injury to its good name, and the withdrawal of deposits to its pecuniary damage. There was a verdict for the defendant, and plaintiff appeals.— *Affirmed.*

*Sager & Sweet,* for appellant.

*Hagemann & Farwell,* for appellee.

McCLAIN, C. J.— The defendant was mutually interested with one Tonne and one Ganske in the Fremont Creamery Company, which had a deposit in the plaintiff bank, and, having been told that the bank was unsound, he communicated this information as of his own knowledge to Tonne and Ganske, advising that the funds of the creamery company be withdrawn from deposit. On the very day on which these communications were made, a run on the bank was commenced, which resulted in the withdrawal of about $7,000 of deposits, and plaintiff, alleging the falsity and maliciousness of defendant's statements, sought to recover in this action for damages to its business reputation, and also for special damages by way of loss of interest on the deposits withdrawn, which it could and would, in the ordinary course of business, have loaned out at a profit.

I.   The trial court ruled out all evidence as to the withdrawal of deposits, and, by instructions, limited the jury to the consideration of injury to the business reputation of

the bank, and this is the principal ground of complaint on the part of appellant. An examination of the record, however, shows that there was no evidence whatever connecting the withdrawal of the deposit which plaintiff attempted to show, with the words spoken by defendant. Tonne and Ganske, as witnesses, denied the repetition by them to others save in two or three specific instances, and there is no evidence that either the funds of the creamery company or the funds of Tonne or Ganske, or the funds of any person to whom Tonne or Ganske had communicated the information which defendant purported to give them with reference to the condition of the bank were withdrawn. No connection is shown between the alleged slanderous communication and the withdrawal of funds, and it was proper, therefore, that the court should exclude the evidence relating to the general withdrawal of funds from the bank, and limit the jury to the consideration of damage to its business reputation. The statements made by defendant were based on statements made to him by others, and the run on the bank, which commenced on the day on which defendant is alleged to have made the defamatory statements may with as much reason be attributed to what others had said as to what was said by defendant. When defendant specifically showed that the statements made by him had not been communicated to others who withdrew their funds, he negatived any causal connection between his defamatory statements and the run on the bank for which specific damages were claimed. The case is not analogous to *Hollenbeck v. Ristine,* 105 Iowa, 488, and *Morse v. Times-Republican Printing Co.,* 124 Iowa, 707, for in those cases the connection between the damage shown and the slanderous or libelous words was established, and not left to mere inference.

1. Slander: evidence.

If the damages to the bank were due to the repetition of the slander by persons to whom defendant made his statements, those repetitions were in themselves actionable, and

the consequences of such repetitions were not chargeable to

**2. SAME: repetition of slander.** defendant. *Prime v. Eastwood,* 45 Iowa, 640; *Zurawski v. Reichmann,* 116 Iowa, 388.

More than this, if the words spoken were privileged, and this was a question submitted to the jury, and did not constitute slander, then there should be no recovery of special

**3. SAME: exclusion of evidence.** damages; and the general verdict for defendant negatived the entire charge of slander so that the exclusion of evidence relating to special damages and the withdrawal of any such question from the jury, could not have been prejudicial to the plaintiff. *Mayne v. Council Bluffs Savings Bank,* 80 Iowa, 710; *Rosenberger v. Marsh,* 108 Iowa, 47.

II.    Defendant sought to rely upon the defense of privilege, and that defense was submitted to the jury. But it is contended for appellant that no such defense was pleaded.

**4. PRIVILEGE: pleading.** In this, counsel is evidently in error. In divisions of defendant's answer the facts relied on as constituting privilege were specifically stated, and it is alleged that the words were spoken without malice and in good faith. It was not necessary for defendant to specificly confess and avoid. The defense of privilege goes to the cause of action itself.

If the words spoken were privileged, then plaintiff had no ground of recovery unless they were spoken maliciously, and with the purpose of injuring plaintiff, rather than in the

**5. MALICE: burden of proof.** good-faith exercise of defendant's privilege; and the burden of proof to show actual malice was on the plaintiff, if the privileged occasion was proven. *Vial v. Larson,* 132 Iowa, 208. The question of privilege was properly submitted to the jury, and the verdict for defendant is conclusive on that question.

It is claimed, however, that the issues were not fully stated in the instructions. It is true that in the opening paragraph the court did not explain the issue as to privilege, but in a subsequent instruction the whole matter was submit-

ted with full explanation, and the jury could not have failed

6. PRIVILEGE: to understand what the issue in this respect
instructions. was. Any failure of the court in the opening paragraph to explain the nature of the defense was in nowise prejudicial to the plaintiff.

We discover no error in the trial of the case which could have, in any way, been prejudicial to the plaintiff in establishing its right to recover, and the judgment of the trial court is therefore *affirmed*.