HOME SAVINGS BANK OF SLATER et al., Appellees, v. AMANDA KLISE, Appellant.

NOVEMBER 22, 1927.

REHEARING DENIED APRIL 5, 1928.

H. E. Klise and Scott M. Ladd, for appellant.

Bert B. Welty and Lee & Garfield, for appellees.

WAGNER, J.—The appellant owned a farm in Polk County, incumbered by two mortgages, one in favor of the Iowa Loan & Trust Company, which was the first lien, and another held by the appellees, which was the second lien thereon. An action for the foreclosure of the second mortgage was begun March 31, 1924. A similar action with reference to the first mortgage was instituted April 19, 1924. The appellees were made parties to the suit for the foreclosure of the mortgage having priority, and they were legally served with an original notice of said action, and appeared and filed answer. On July 31, 1924, judgment and decree of foreclosure in said action was rendered. On September 13, 1924, the real estate was sold on special execution, to make the amount of said judgment. On December 3, 1924, there was rendered a judgment and decree of foreclosure of the second

mortgage, and on June 20, 1925, the said real estate was sold on special execution, ''subject to the rights of the first mortgagee, the Iowa Loan & Trust Company,'' to make the amount of said judgment. The appellees were the purchasers at said last execution sale, having bid the full amount due on the judgment, and the execution was returned satisfied, and the judgment canceled.

On September 11, 1925, the appellees filed herein a motion, in which they allege the facts concerning the obtaining of the judgment and the decree of foreclosure, and the issuance of the writ of special execution, and the sale of the real estate to them thereunder, and further aver therein, in substance, that, at the time the plaintiffs purchased the same at sheriff's sale, they believed that their judgment was a lien upon the premises, but they have recently learned that the lien had been cut off by the foreclosure of the prior mortgage thereon, and the sale on execution of the real estate was more than nine months before the sale of the real estate under the plaintiffs' mortgage; that they were ignorant of the fact as to said prior sale when they purchased the property at sheriff's sale, and believed that there had been no sale under the prior mortgage, and believed that their judgment was a lien upon said premises, and that the sheriff was authorized to sell same to make the amount of their judgment; and that, by reason of the foregoing facts, the equity of redemption of these plaintiffs had expired, and said sale was void: and they asked the court to set aside the record showing that there was a sale of the said premises, and that their judgment be restored against the defendant as though no sale was had, and that the clerk of this court be directed to issue execution upon their judgment, whenever so requested by the appellees.

The appellant filed resistance to said motion, and a hearing was had before the court, and, on January 9, 1926, the court sustained the motion, granting the relief asked by the appellees.

On January 22, 1926, the appellant filed a pleading denominated ''Motion to Reconsider Order,'' and she therein asks that the order of court of January 9, 1926, be reconsidered, ''and that the same be revised to read that the plaintiffs' motion be overruled.'' She asks therein for the relief for the following reasons: (1) That the sale of the real estate on the first mort-

gage on September 13, 1924, did not divest the debtor of the title; (2) that the plaintiffs' judgment rendered on December 3, 1924, became a lien upon defendant's interest in said real estate; (3) that the interest of the defendant in said real estate at the time of plaintiffs' sale was a right of redemption; (4) that plaintiffs' mortgage and the judgment thereon were subject to the prior mortgage, and they had personal knowledge that said mortgage was being foreclosed; (5) that *caveat emptor* applies to execution sales.

The court did reconsider said ruling, heard the parties fully, and long afterward, on December 27, 1926, made of record the following order:

"Motion to consider ruling on motion to set aside judgment comes on for hearing, and the court being fully advised in the premises, said motion is overruled."

The first thing demanding our consideration is a motion by the appellees to dismiss the appeal, it being claimed by them that no appeal was taken within four months after the order appealed from was entered; that no motion for new trial was filed within the time allowed by statute; that the alleged attempt to appeal was ineffective, because, as claimed, the notice of appeal was not directed to the appellees, nor to any person as attorneys for them, and was not served upon the persons to whom the same was directed.

The caption of the notice of appeal as to parties is identical with the caption herein, and said notice is directed to Lee & Garfield, or to Bert B. Welty, attorneys, and to W. D. Baldwin, clerk of the district court of Polk County, Iowa. It is therein stated that the appellant has appealed from the judgment and ruling of the said district court rendered against her in said cause on the 9th day of January and December 27, 1926. Service of said notice of appeal was accepted on January 22, 1927, by "Welty & Soper, and Lee, Steinberg & Walsh, Attorney for plaintiffs," and by the clerk on January 31, 1927.

"An appeal is taken and perfected by the service of a notice in writing on the adverse party, his agent, *or any attorney* who appeared for him in the case in the court below, and also upon the clerk of the court wherein the proceedings were had,

stating the appeal from the same, or from some specific part thereof, defining such part." Section 12837, Code of 1924.

It will be observed from the foregoing statute that all that is required is that the notice be served *on any attorney who* appeared for the appellee in the case in the court below.

The motion of appellees hereinbefore referred to was signed "Lee & Garfield, Bert B. Welty, attorneys for plaintiffs." The order of January 9, 1926, hereinbefore mentioned, contains the statement, "The plaintiffs appearing by their attorneys, Bert B. Welty and Lee & Garfield."

On appellees' amendment to abstract filed herein, we find on the title page, "Welty & Soper, Lee, Steinberg & Walsh, Attorneys for Appellees." On appellees' brief and argument we also find on the title page, "Bert B. Welty and Lee, Steinberg & Walsh, Attorneys for appellees." The notice was properly directed to Bert B. Welty and Lee, attorneys. The names of both Welty and Lee appear in the acceptance of service, and they describe themselves as attorneys for plaintiffs, and both of them were attorneys for plaintiffs in the lower court.

If the notice be directed to, and service of same be had on, *any one of the attorneys* for the appellee in the court below, it is sufficient. It is apparent from the files in the lower court and in this court that the notice of appeal and service of same are sufficient.

It is further contended by the appellees that the appeal from the judgment or order of January 9, 1926, was not taken in time. Appeals from the district court may be taken within  four months from the date of the entry of record of the judgment or order appealed from, and not afterwards; but when a motion for new trial has been filed, such time for appeal shall be automatically extended so as to permit the same at any time within sixty days after the entry of the ruling upon such motion. Section 12832, Code of 1924.

It is manifest that the notice of appeal was not served within four months after the order of January 9, 1926. The appellees contend that appellant's motion filed January 22, 1926, is not a motion for new trial. The abstract states: "Thereupon, the court did consider said ruling and heard the parties hereto fully." Regardless of what it was called, it was so considered

by the parties and the court, and has served the purpose of a motion for a rehearing or new trial.

The appellees raise the further contention that said motion was not filed within five days after the ruling of the court, as  required by Section 11551, Code of 1924, which relates to the time for filing motion for a new trial. The motion was in no way attacked for said reason in the lower court.

The appellant, in her motion of January 22, 1926, prays that the order of January 9, 1926, be reconsidered and revised, etc. In *In re Assignment of Wilson*, 138 Iowa 225, long after the court had rendered a decree, one of the parties to the suit filed an application or motion for modification of the decree, and the decree was changed accordingly. We there held that, where a party has appeared and submitted his case on an application for a modification of the decree, without objection to the sufficiency of the application or the time of filing same, he will be deemed to have waived objection thereto, the court saying:

"The application was in writing * * * and it was heard and disposed of on its merits, without any question as to the sufficiency of the application itself, or the time within which it was made. It is the policy of the law to give trial courts ample opportunity to correct errors of law or fact; and while such corrections can only be made in accordance with the law, where a party has * * * appeared and submitted his case on the merits, without in any way assailing the procedure, he should not afterwards be permitted to raise the question. Under Section 3755 of the Code [now 11550, Code of 1924], a new trial may be ordered on account of an erroneous decision; and, while the application therefor, under said section, must be made within three days [now 5 days] after the decision, we know of no reason why the time fixed by the statute may not be waived, and the application heard on its merits."

In *Smith v. Smith*, 160 Iowa 111, where the party in the position similar to the appellees in this case did not make any motion or attack or objection to the manner of hearing, it was held that the matter urged should not be considered in this court on appeal. The objection now urged has been waived by the appellees.

The contentions of the appellees with reference to the

taking of the appeal being without merit, their motion to dismiss the appeal is overruled. Now what as to the merits of the appeal? A judgment in the district court is a lien upon the real estate owned by the defendant at the time of such rendition. Section .11602, Code of 1924.

The appellees, in support of the court's ruling of January 9, 1926, rely upon Section 11734, Code of 1924, which is as follows:

"When any person shall purchase at a sheriff's sale any real estate on which the judgment upon which the execution issued was not a lien at the time of the levy, and which fact was unknown to the purchaser, the court shall set aside such sale on motion, notice having been given to the debtor as in case of action, and a new execution may be issued to enforce the judgment, and, upon the order being made to set aside the sale, the sheriff or judgment creditor shall pay over to the purchaser the purchase money; said motion may also be made by any person interested in the real estate."

Although the real property had been previously sold on execution, the property still belonged to the appellant, and plaintiffs' judgment was a lien thereon, and the real estate, as was done, could be sold to make the amount of the judgment. *Curtis v. Millard & Co.*, 14 Iowa 128; *Sayre v. Vander Voort*, 200 Iowa 990.

In the latter case, we said:

"That the plaintiff's judgment was a lien upon De Goey's real estate and upon his full interest therein, * * * goes without saying."

In the instant case, the sale which was set aside was made "subject to the rights of the first mortgagee, Iowa Loan & Trust Company."

The appellees rely on *Ritter v. Henshaw*, 7 Iowa (Clarke) 97. In that case, Ritter had a mechanic's lien on the real estate. There was a prior mortgage on the real estate, which mortgage had been foreclosed by notice and sale, and the title forthwith passed to the purchaser. (A sale made in this manner passed the title forthwith to the purchaser, and no redemption therefrom was allowed.) Ritter then procured a judgment and decree of foreclosure of his mechanic's lien, and to make

the amount of said judgment, the real estate, which was not owned by the judgment debtor at the time of. the levy and sale, was sold on special execution to Ritter. The court set aside the sale, for the reason that, at the time of the sale to Ritter, the judgment debtor had no title whatever in the real estate. The court there said:

"We confine our remarks to cases where all of the defendant's interest has been taken away by a paramount claim, or where he never had any. In the present case, the mortgage was prior to the petitioner's claim, and the sale under the mortgage was antecedent to his; and the whole of the land and the whole of the interest were gone, so that the present applicant obtained nothing by his bid."

In the instant case, the levy upon the real estate under the special execution under which sale was had to the appellees was made on May 18, 1925. The appellees, as creditors of the appellant, could have redeemed from the sale under the first mortgage at any time after six months from date of sale and before the end of nine months therefrom. Section 11776, Code of 1924. The sale under the foreclosure of the first mortgage was had September 13, 1924. The appellees, as creditors of the appellant, after execution was issued on their judgment could have redeemed from the sale under the foreclosure of the first mortgage at any time prior to and including June 13, 1925. Prior to the time of their judgment, on December 3, 1924, the appellees held a mortgage lien on the real estate. At the time of the levy on special execution, to wit, May 18, 1925, they held a judgment lien on said real estate, and the right to make statutory redemption from the first sale. The statute on which appellees rely, to wit, Section 11734, Code of 1924, specifies:

"When any person shall purchase at a sheriff's sale any real estate on which the judgment upon which the execution issued was not a lien *at the time of the levy*," etc.

Therefore, the statute on which the appellees rely, as applied to the facts of this case, cannot be of any avail to them; for they had a valid enforcible lien on the real estate at the time of the levy, to wit, May 18, 1925.

The appellees are confronted with the doctrine of "*caveat emptor*," which is applicable to judicial sales. *Hamsmith v.*

*Espy, Barker & Robinson,* 19 Iowa 444; *Holtzinger v. Edwards,* 51 Iowa 383; *Weaver v. Stacy,* 93 Iowa 683.

The appellees, with knowledge of the suit for foreclosure of the prior mortgage, purchased at execution sale, subject to the lien of the first mortgage, the real estate upon which their judgment was a lien *at the time of the levy under the execution;* and their judgment was satisfied, and they were entitled to no relief asked for in their motion, based upon the aforesaid statute upon which they rely. The order of the trial court of January 9, 1926, setting aside the sale and restoring the judgment and permitting execution to issue upon written demand by the plaintiffs was erroneous, and the action of the trial court in granting same is reversed.—*Reversed.*

Evans, C. J., and Stevens, Faville, and Kindig, JJ., concur.