JOHN A. THOMPSON, Appellee, v. EARLE E. BUTLER, Appellant.

Nos. 43646, 43929.

Junᴇ 15, 1937.

Parrish, Guthrie, Watters & Colflesh, for appellant.

Casper Schenk and Pat Whitaker, for appellee.

STIGER, J.—On August 10, 1931, plaintiff, a resident of Florida, commenced an action against the defendant, a resident of Des Moines, for libel asking damages in the sum of $100,000. Plaintiff alleged that on or about May 8, 1931, the defendant falsely, recklessly and maliciously wrote and mailed through the post office at Des Moines a certain letter to Ed. C. Wright, St. Petersburg, Florida, concerning the plaintiff which letter is as follows:

"E. E. Butler,<br>"Des Moines, Iowa      May 8th, '31.

"Dear Ed:

"Drove home in four days and had a fine trip. Please spread the news. I inquired about your friend and am informed that he has swindled all the women and children in this town. Phoenix stock that he sold for $100.00 a share isn't worth the paper now. My banker said that if he had cash and Liberty Bonds for security he wouldn't loan him a dime. He advised you to take in your sidewalks and to guard the filling in your teeth. Has not been in jail but a pure oversight by the authorities.

"Sincerely,<br>"Earle."

Defendant's plea was a general denial. At the close of the evidence, plaintiff filed a motion for a peremptory instruction that the sole question to be determined was the amount of damages to which plaintiff was entitled and requiring the jury to return its verdict for plaintiff, which motion the court overruled.

Plaintiff requested the following instruction:

"You are instructed that, under the evidence in this case, plaintiff is entitled to recover and your verdict should be for plaintiff with damages in an amount not to exceed $100,000.00."

This instruction was refused.

The jury returned a verdict for defendant on October 10, 1935. On October 12, 1935, the following order for an extension of time for filing motion for new trial and exceptions to instructions was entered:

"Now on this day this cause comes on for hearing, and the

court being fully advised in the premises, *defendant* is granted to November 1st, 1935, to file Exceptions to Instructions and motion for New Trial."

It should be observed that, though the jury returned a verdict for defendant, the order granted the *defendant* an extension of time.

On October 30, 1935, plaintiff filed exceptions to the instructions and motion for a new trial. On December 21, 1935, the trial court made the following ruling on the motion:

"Now on this day this cause comes on for hearing upon exceptions to instructions and motion for new trial and the court being fully advised in the premises, motion sustained; defendant excepts."

On January 2, 1936, the trial court amended his ruling on the motion for new trial as follows:

"As an amendment to and a part of the ruling of the court on the motion for new trial filed herein on October 30, 1935, the particular grounds are stated below on which the court grants a new trial, to-wit:

"1. That the court should not have submitted to the jury the issue as to whether or not the defendant wrote the original of which Exhibit A was a copy, as there was no issue, under the evidence, on that proposition.

"2. That the court should not have submitted to the jury the question as to whether or not the defendant published the original of which Exhibit A is a copy, for the reason that, under the evidence, there was no issue made on that proposition.

"3. That on account of the grounds set forth in Paragraphs 1 and 2 above, the court should not have questioned the writing and publication of the letter in question, as set forth in Instruction No. 6.

"Both parties except."

The defendant appealed from the rulings of the trial court sustaining the motion for a new trial. This appeal is No. 43646.

After appellant filed his brief and argument, appellee, on August 21, 1936, filed in the district court of Polk County a motion to correct the record nunc pro tunc by striking the word "defendant" in the order of October 12, 1935, extending the

time for filing a motion for a new trial and inserting the word "Plaintiff". The motion states that the word "defendant" in the entry is an evident mistake for the following reasons:

"1.   The application for said extension of time was made by plaintiff's counsel for and on behalf of plaintiff and not for defendant.

"2.   Defendant had no reason to ask for, or receive, an extension of time, since he was successful in securing a favorable verdict, he was not entitled to complain of the instructions, and he had no reason to demand a new trial.

"3.   At the time of the oral hearing and submission on plaintiff's Exceptions to the Court's Instructions and Motion For New Trial, defendant's counsel appeared personally, and raised no question as to the timeliness of plaintiff's filing of the same, but argued orally in resistance to plaintiff's said Exceptions and Motion, and filed a written brief and argument against the plaintiff's said Exceptions to Instructions and Motion For New Trial on their merits alone."

It appears from the record that counsel for the plaintiff—appellee—on October 12, 1935, two days after the verdict, appeared before the trial judge and requested him to enter an order giving plaintiff an extension of time to file a motion for new trial and exceptions to instructions to November 1, 1935, and that the trial court agreed to enter such an order; that counsel believed such an order had been entered until he discovered the mistake on August 21, 1936, in examining the record in preparing his amendment to the abstract of record on the appeal.

Defendant—appellant—filed a special appearance to the motion to correct the record alleging:

1.   That the court lost jurisdiction of the defendant upon the entry of the final judgment October 10, 1935, and that no proper notice was served upon defendant by which the court reacquired jurisdiction over him.

2.   That the court has no jurisdiction of the subject matter because the cause is now pending upon appeal in the Supreme Court of the state of Iowa.

3.   The trial court had no jurisdiction to sustain plaintiff's motion for new trial and exceptions to the instructions for the reason that the pleadings were not filed within the statutory pe-

riod and no order extending the time to the plaintiff for filing such pleadings was made.

The trial court overruled the special appearance of defendant and set the hearing on the motion to correct the record nunc pro tunc for September 26, 1936. The defendant appeals from the order overruling his special appearance. This appeal is No. 43929. The two appeals have been consolidated here.

We will first consider the appeal from the order overruling defendant's special appearance, No. 43929.

Appellee urges that the order overruling the special appearance should be affirmed for the following reasons:

1. The question is moot since appellant, on November 8, 1935, waived all objections to the timeliness of the filing of appellee's exceptions to instructions and motion for new trial.

2. Special appearances can be made only at the commencement of actions and appellant, in resisting appellee's motion to correct the record, raised questions beyond the scope of a special appearance, thus conferring jurisdiction over his person.

3. Appellant had adequate notice to justify the court in correcting its record, both under the statute and under its inherent power.

We are of the opinion that this appeal may be disposed of on appellant's first proposition that the questions raised by this appeal are moot.

Code section 11551 provides that an application for a new trial must be made within five days after the verdict is rendered unless for good cause the court extends the time.

■■■ It is well settled that a motion for new trial and exceptions to instructions not filed within the five-day period or within the time fixed by the court are fatally late and will not be considered on appeal. Selby v. McDonald, 219 Iowa 823, 259 N. W. 485; Lein v. John Morrell & Co., 207 Iowa 1271, 224 N. W. 576; Pyle v. Herring, 185 Iowa 646, 164 N. W. 173.

It is equally well established that the belated filing of a motion for new trial or exceptions to instructions may be waived and the matters heard on their merits. Home Savings Bank v. Klise, 205 Iowa 1103, 216 N. W. 109; Heflen v. Brown, 208 Iowa 325, 223 N. W. 763.

■■■ The order sustaining the motion for new trial recites that there was a hearing and gave defendants an exception. No objection to the timeliness of the filing of the motion and excep-

tions to the instructions was made by defendant. While some claim is made by defendant that he did not appear at the hearing, we are satisfied from the record that the defendant did appear at the hearing and that there was a hearing on the merits. We hold that the defendant waived the belated filing of the motion and exceptions to instructions.

Assuming, without deciding, that the trial court did not have jurisdiction to make the order correcting the record nunc pro tunc, the error is harmless and without prejudice to defendant, who would gain nothing by a reversal, because it was not necessary to correct the record in order to sustain the jurisdiction of the court to grant the motion for a new trial because of the waiver by appellant. Appellee's motion to dismiss this appeal and that part of appeal No. 43646 relating to the timeliness of the filing of the motion for new trial is sustained.

II. We will now turn to appeal No. 43646, which is defendant's appeal from the ruling sustaining the motion for a new trial.

After sustaining the motion generally, the trial court amended his ruling and stated that the particular grounds on which he granted a new trial were that the court should not have submitted to the jury the issues as to whether or not the defendant wrote and published the original of which Exhibit A is a copy, because under the evidence there was no issue made on these propositions and that the court erred in submitting these questions to the jury.

**Appellant's** first proposition of law is, that if a new trial is granted by the trial court strictly on legal questions, on review, if the ruling is erroneous, it will be reversed.

This proposition correctly states the law. If the trial court orders a new trial in general terms the order will be deemed discretionary and it will be reversed only if the discretion is abused. If a new trial is granted on questions of law, the ruling will be reviewed as any other alleged error, and if erroneous, will be reversed. Piper v. Brickley, 220 Iowa 1090, 264 N. W. 29.

In the instant case, appellee's motion for a new trial was based on nine grounds. The trial court sustained the motion on two legal questions. Appellant's contention is that the trial court in effect overruled the other grounds for a new trial and appellee having taken no cross-appeal from the adverse ruling, such other grounds cannot be considered here.

1092

If appellee were here claiming that the ruling of the trial court in granting the motion for a new trial was *erroneous,* we would be inclined to agree with appellant. But, appellee is not here attempting to reverse the lower court, but is trying to save and sustain the judgment below.

A successful party without appeal or assigning errors, may show that on the face of the record he is entitled to the judgment because of errors committed against him, though errors had also been committed against appellant.

We stated in State v. Consolidated Ind. School District, 188 Iowa 959, 176 N. W. 976, that, "The successful party may, without appealing or assigning errors, save the judgment by showing that errors were committed against him below which, if corrected, will make the result reached below a right result." See, also, Ottumwa Boiler Works v. O'Meara, 208 Iowa 80, 224 N. W. 803; Ford v. Dilley, 174 Iowa 243, 247, 156 N. W. 513; Voorhees v. Arnold, 108 Iowa 77, 78 N. W. 795; Eisentrager v. Great Northern R. R., 178 Iowa 713, 160 N. W. 311, L. R. A. 1917B, 1245; First National Bank v. Wright, 84 Iowa 728, 48 N. W. 91, 50 N. W. 23.

If the court erred in sustaining the motion on two grounds, but there are other grounds on which the motion should be sustained, such error cannot be said to be prejudicial to appellant and we will consider on this appeal not only the two questions of law on which the court based its ruling granting a new trial, but also the other grounds of plaintiff's motion which are urged in this appeal, in determining whether the court reached a right result.

Appellant's first assignment of error is that the court erred in holding that he should have instructed the jury that the defendant wrote and published the alleged letter upon which this cause of action is based.

By this ruling the court held that the plaintiff had established as a matter of law that defendant wrote and published the original letter of which Exhibit A is a photographic copy.

Appellant contends that the trial court was right in submitting these fact questions to the jury.

It is assumed for the purpose of this appeal that the letter was libelous *per se;* that the author was actuated by legal malice and that damages are presumed.

It will be necessary to set out some of the evidence relating to the authorship, publication and history of the letter.

Plaintiff testified that he moved from Des Moines to Florida in 1930, where he engaged in business through twelve corporations of which he was president and general manager. In May 1931, he heard that derogatory reports were being circulated about him in St. Petersburg and learned that they originated from the office of Ed. C. Wright of that city. He asked Wright to divulge the source of information and Wright refused to deny or confirm the reports. Plaintiff then went to a detective agency which assigned to him one of its employees, J. G. Jones. As a part of his employment by plaintiff, Jones secured employment in Wright's office in St. Petersburg, telling Wright he wanted to learn the bond business. After Jones had worked for Wright a few weeks he secretly obtained from the desk of Wright's secretary the alleged original letter of which Exhibit A is a photographic copy, which letter was enclosed in an envelope addressed to Ed. C. Wright at St. Petersburg. The name E. E. Butler and his address, Des Moines, Iowa, were in the upper left-hand corner of the envelope. This envelope, identified as Exhibit B bore the postal stamp "Des Moines, Iowa May 8," which is the same date as the alleged original letter. Jones took the letter and envelope to the plaintiff who took a photograph of the letter which is Exhibit A. Plaintiff retained the envelope, but, the same night, gave the letter back to Jones who returned it to the secretary's desk in Wright's office. Plaintiff further testified that he next saw this original letter in the court room at Clearwater, Florida, which letter was the basis of a suit in the case of Tax Securities v. Wright. Tax Securities was one of plaintiff's corporations. The witness testified that it was in the possession of his attorneys at the counsel table at that trial and that in some unexplained manner the letter disappeared and the witness has not been able to find the letter since that time. At the time of its disappearance, Mr. Wright was not in the court room. The original letter was not produced at the trial of this case.

Jones, the detective, testified that he saw Wright have the letter in his office and heard him read it in the presence of several persons. Jones also testified that he heard Wright dictate a letter to E. E. Butler, identified as Exhibit C which is in part as follows:

"July 3, 1931

"Mr. E. E. Butler
   "Des Moines, Iowa
"Dear Earle:
   "Please excuse me for not answering your letter sooner, but we have been more rushed since you left than during the winter. Business has been very good with us, although the competition has been fierce, the major part of the competition having been caused by the gentleman whom you gave me a report on. We have managed to keep up our end though, and each month we have been able to do from one third to one half the total business.
   "This gentleman is just another one of those promoters, and like all of the others, he runs true to type.
E. W./P. C."

   Mr. Jones further testified: "I heard Mr. Ed. C. Wright say that Mr. Butler up there would send him any other information that he wanted. He said that when they got that information down here that they would run Mr. Thompson out of town."

   Witness Schrader testified for the plaintiff that Wright told him that the plaintiff Thompson was swindling all the women and children in Iowa and told the witness he had received the report from his friend, Mr. Butler. Ed. C. Wright testified for the plaintiff that he was in the bond and real estate business in St. Petersburg; that he knew the plaintiff Thompson; that he knew the defendant Butler slightly. The witness testified positively that the only correspondence he had with Butler was in reference to some real estate; that he did not recall receiving any letter from anyone referring to the plaintiff; that the defendant was an acquaintance of some friend of his and Mr. Evans, an employee in his office, rented defendant a house. The witness was shown the photographic copy, Exhibit A, and asked if he had exhibited the original to Schrader and other business men of the city of St. Petersburg. He answered, "I don't think I did. I do not know that I received such a letter." The substance of the testimony in regard to the letter was that he did not remember of having received a letter of which Exhibit A was a photographic copy and did not think he ever received such a letter. He further testified that he did not recall of ever receiving any letter that referred to John A. Thompson, the plaintiff.

The defendant testified that he met Ed. C. Wright in 1931, at the office of Ed. Lewis, a friend of the witness for 25 years; that he rented a home from one of Wright's salesmen; that the only other transaction or relationship he had with Wright was about the purchase of a lot near the Ed. Lewis home on which he intended to build a home and that the only correspondence he had with Wright was in regard to the purchase of the lot. The witness testified positively that he did not know John A. Thompson in May 1931; that he never at any time talked to Ed. C. Wright about the plaintiff; that Wright never talked to him about John A. Thompson and never asked for a report about him and that he never gave a report to anyone about Thompson. With reference to his acquaintance with Ed. C. Wright, the witness testified: "I know him when I see him and speak to him when I pass him on the street. I have seen him more often in Ed. Lewis's office than any other place; otherwise I doubt if I would know him. I have had no social acquaintanceship with him, was never in his home and did not know where he lived." On cross-examination, when he was handed Exhibit A and asked if the photographic copy was his handwriting, the witness said, "yes, I think that is my handwriting; it certainly looks like it. I have no recollection of writing any letters to Ed. C. Wright except those that I have told you about in reference to the purchase of real estate." On cross-examination the following questions were asked and answers given:

"Q. Do you mean to tell this jury now, Mr. Butler that you didn't mail the original of Exhibit A, to Ed. C. Wright in that envelope? A. Not necessarily.

"Q. Do you mean to tell them that you didn't do that? A. I said I have no recollection of that, of mailing it out.

"Q. Now you know the persons referred to in the letter as you testified to the jury? A. Yes, I do.

"Q. Now do you tell the jury that you didn't or did receive from Ed. C. Wright, the original of which this is a copy? A. If I did, I have no recollection of it.

"Q. Is that as positive as you can be before the jury? A. That is just as positive."

Butler, in stating "yes, I think that is my handwriting", was testifying more than four years after the original letter was

alleged to have been written in reference to a photographic copy of the original letter.

Appellee urges that the failure of appellant to directly deny the writing of the original letter of which Exhibit A is a photographic copy when given an opportunity to do so on the witness stand was a tacit admission of the writing of the letter and that his testimony that he had no recollection of mailing or writing the original letter does not contradict in any degree the positive evidence of appellee.

We have held that the testimony of a witness that he has no recollection of a fact does not raise a conflict in the evidence in regard thereto. Eckert v. Ins. Co., 147 Iowa 507, 124 N. W. 170. We have also held that a party to a suit is bound by his own testimony if he does not attempt to correct or change it during the trial. Stearns v. R. Co., 166 Iowa 566, 148 N. W. 128.

We are of the opinion that the rules of evidence relied on by appellee are inapplicable here and that the statement of the defendant that he had no recollection of writing the original letter and like statements are not conclusive against him in view of his positive direct statements above set. out which expressly contradicted and denied the allegations of plaintiff's petition. Testimony of a witness must be construed as an entirety. Faust v. Parker, 204 Iowa 297, 213 N. W. 794 .

Two handwriting experts testified on behalf of the plaintiff that Exhibit A was the handwriting of Butler. To prove that defendant wrote and published the letter, plaintiff relies mainly on the testimony of the handwriting experts, Jones the detective, and statements of Wright to third parties.

The testimony of Wright and appellee Butler controverted the plaintiff's testimony.

We stated in the case of Connelly v. Greenfield Savings Bank, 192 Iowa 876, 881, 185 N. W. 887, 889, that:

"It is a rare occasion which justifies a court in directing a verdict upon a fact issue in favor of a party upon whom rests the burden of proof."

This is not a case where reasonable men could reach but one conclusion, that is, that Butler wrote and published the original letter. It is a special province of the jury to determine fact questions, judge the credibility of the witnesses and the weight to be given their testimony.

It is our conclusion that there was such a substantial conflict in the evidence that the trial court was not only justified but it was his duty to submit the issues of authorship and publication of the letter to the jury.

It follows that the trial court erred in granting a new trial on the ground that plaintiff had established by the evidence as a matter of law that defendant wrote and published the original letter.

III. We now give our attention to the remaining grounds for a new trial relied on by appellee to prove the trial court reached the correct result in granting the motion for a new trial.

■■■ Appellee claims the court erred in overruling his objections to the opening statement of defendant's counsel. The trial court was present and was of the opinion not only at the time of the argument but also in ruling on the motion for a new trial that the remarks complained of did not transcend the privilege of counsel. The control of argument of counsel rests largely with the trial court. We have read the statements complained of and find no reversible error and concur in the conclusion reached by the trial court.

■■■ Appellant further contends that the court erred in giving instruction No. 9:

### "Instruction No. 9

"From the publication of a writing libelous per se, damages are presumed to have resulted to the person of and concerning whom the same was written. These damages are general in their nature and are defined as those which the law presumes naturally, proximately and necessarily result from the publication of a writing libelous per se. Damages other than those presumed may be shown in regard to any general loss of income, which the plaintiff claims were occasioned by the publication and in this case, such evidence has been introduced.

"Before you may allow any damages to plaintiff on account of the claimed loss of income, it will be necessary for you to find by a preponderance of evidence, that the publication, if any, of the letter in question was the direct and proximate cause of such loss, if any.

"In determining this question, you may and should take into consideration all of the evidence bearing on the subject; the

time of and conditions existing during which this claimed loss occurred; the evidence concerning other alleged libels; the contents of the letter; the evidence of its publication, and after a fair and full consideration of all of the evidence or lack or want of evidence, if any, fairly and impartially determine in your judgment what damages, if any, has accrued to the plaintiff on account of loss of income."

The error complained of is that damages are presumed from libel *per se* and therefore the following clause in instruction No. 9 was error:

"Before you may allow any damages to plaintiff on account of the claimed loss of income, it will be necessary for you to find by a preponderance of evidence, that the publication, if any, of the letter in question was the direct and proximate cause of such loss, if any."

The clause objected to states the correct rule. Plaintiff was entitled to recover damages for injuries to his business and loss of income but it was incumbent on him to show a causal connection between the alleged libel and loss of income. Schaffhauser Bros. v. Hemmer, 152 Iowa 200, 131 N. W. 6; German Savings Bank v. Fritz, 135 Iowa 44, 109 N. W. 1008.

Appellee has not pointed out in what respect the court erred in regard to the remaining grounds for a new trial, nor has he presented any brief and argument in respect thereto. Appellee did not urge such exceptions here and we do not give them con sideration.

We find the instructions complained of were proper and that the verdict was sustained by the evidence. We have considered all the grounds for a new trial submitted here and find no error occurred in the trial of the case which would justify a new trial.

The trial court erred in granting a new trial and cause No. 43646 must be and is reversed.—Reversed.

RICHARDS, C. J., and PARSONS, SAGER, KINTZINGER, MITCHELL, and DONEGAN, JJ., concur.