**Ada DeKRUYFF, Appellant,**

v.

**John E. JOHNSTON and Leasing, Inc., Appellees.**

No. 2–57168.

Supreme Court of Iowa.

April 20, 1977.

Oscar E. Jones, Des Moines, for appellant.

Jerry E. Williams and Keith E. Luchtel, Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, for appellees.

Heard by MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLEN-HOPP, JJ.

RAWLINGS, Justice.

Action at law for damages resulting from injury to the business and health of plaintiff, Ada DeKruyff, as a result of alleged 1969–1972 tortious debt collection practices by defendants, John E. Johnston and Leasing, Inc. Plaintiff attempts appeal as of right from trial court's mere announced intention to dismiss the case against defendant Johnston upon his post-evidence motion for a directed verdict, and from jury verdict alone for defendant Leasing. We dismiss the appeal.

Under existing circumstances a recitation of the underlying factual background will serve no useful purpose.

At close of trial testimony on plaintiff's behalf and again after introduction of all evidence both defendants moved for a directed verdict on multiple grounds. The appendix, together with amendment thereto, and the trial court record here on file, reveal no ruling was ever made or entered as to said motion by Leasing. The transcript does disclose that just before presentation of arguments and submission of the case to the jury, on the case against Leasing, the trial judge informally stated: "When we call the jury in, I will announce that I have dismissed the case as to John E. Johnston and it's continuing as to Leasing only." No attendant order is found in the appendix as supplemented or in the trial court records before us.

Additionally, we fail to find in the entire record at hand any recorded judgment upon the jury verdict for defendant Leasing.

In light of the foregoing, independent oral request was made pursuant to rule 341(d) for submission of the above noted district court entries, if any. We were thereupon advised no such orders or judgments had ever been made or entered of record in Polk District Court.

I. At the outset, overlooking absence of any formal order sustaining Johnston's directed verdict motion, the absence of at-

tendant judgment is fatal as to plaintiff's appeal upon her action against said defendant. See *Goecke v. Schoel*, 257 Iowa 504, 506–507, 132 N.W.2d 481 (1965). See also *Interest of Clay*, 246 N.W.2d 263, 265–266 (Iowa 1976); 4 Am.Jur.2d, Appeal and Error, § 110. Noticeably, in this instance, plaintiff does not even have benefit of an interlocutory order.

II. Furthermore, plaintiff's appeal upon her action against Leasing must also fail because a jury verdict is not a final adjudication. See *Harden v. Illinois Central R. Co.*, 254 Iowa 426, 428–429, 118 N.W.2d 76 (1962).

In the same vein, this court has held (1) the recording of a jury verdict by the clerk does not constitute a judgment; (2) a judgment has no effect until entered of record by the clerk; and (3) appeal will not lie from a district court judgment until it is properly entered of record. See *Moreno v. Vietor*, 261 Iowa 806, 810–811, 156 N.W.2d 305 (1968).

■ III. We also parenthetically note no judgment, ruling or order in either of the above instances was recorded within ten days after plaintiff's appeal had been here docketed. See Iowa R.Civ.P. 335(b).

Absent a final judgment in either of the above noted instances, this court has no jurisdiction to entertain the instant appeal even though defendants have not moved for a dismissal. See *Swets Motor Sales, Inc. v. Pruisner*, 236 N.W.2d 299, 302 (Iowa 1975). Furthermore, we will sua sponte dismiss an appeal neither authorized nor permitted. See *Mid-Continent Refrigerator Co. v. Harris*, 248 N.W.2d 145, 146 (Iowa 1976).

In brief, the record is totally devoid of any final adjudication from which appeal could be taken as of right, and plaintiff has not been granted leave to seek appellate review. See *Simpson v. Low-Rent Housing Agcy. of Mount Ayr*, 224 N.W.2d 624, 631 (Iowa 1974); *Lunday v. Vogelmann*, 213 N.W.2d 904, 906 (Iowa 1973); Iowa R.Civ.P. 331–332.

■ IV. Finally, a limited remand for belated corrective purposes would be an exercise in futility. Review of the record reveals the post-evidence directed verdict motions by *both* defendants should have been sustained, as a matter of law, and judgments accordingly entered. See generally *Jarvis v. Montgomery Ward & Co., Inc.*, 525 F.2d 1267, 1268 (8th Cir. 1975); *Beneficial Finance Company of Waterloo v. Lamos*, 179 N.W.2d 573, 578 (Iowa 1970); *Dawson v. Associates Financial Serv. Co. of Kan., Inc.*, 215 Kan. 814, 529 P.2d 104, 109–110 (1974); *Household Finance Corporation v. Bridge*, 252 Md. 531, 250 A.2d 878, 884–886 (1969); Restatement, Second, Torts § 652B, comment (d), Tent. Draft No. 13 (1967); Restatement, Second, Torts, § 46, comments (d)(f); Prosser on Torts, § 12, at 56–60 (4th ed. 1971); 15A Am.Jur.2d, Collection and Credit Agencies, § 12; Annot., 56 A.L.R.3d 457, 470–473. It is parenthetically noted Sections 537.5108, 537.5201, 537.-5203, and 537.7103, The Code 1975, enacted by the 1974 Session, Sixty-Fifth General Assembly, ch. 1250, are not involved in this 1969–1972 time span controversy.

APPEAL DISMISSED.