**Lloyd HOGAN, Appellant,**

v.

**Roger CHESTERMAN, Appellee.**

No. 61753.

Supreme Court of Iowa.

May 30, 1979.

Randal J. Nigg of Reynolds, Kenline, Breitbach, McCarthy, Clemens, McKay & Naughton, Dubuque, for appellant.

Michael J. Coyle of Fuerste, Carew, Coyle, Juergens & Sudmeier, Dubuque, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, ALLBEE and LARSON, JJ.

HARRIS, Justice.

The question is whether jurisdiction for an untimely appeal can be preserved by an undisclosed stipulation of the parties. The answer is no. Loss of jurisdiction flows automatically from the passage of time. Courts cannot function, nor retain jurisdiction, on the basis of understandings among

the litigants. The appeal must be dismissed.

Suit was started July 30, 1975, for damages as the result of a car-motorcycle accident on June 20, 1974. It was not tried until August 9, 1977. A jury verdict in favor of defendant was reached August 12, 1977.

On August 15, the trial court entered an order extending time to file a motion for new trial to "30 days from the date of this order." Under Iowa R.Civ.P. 247 such motions ". . . must be filed within ten days after the verdict, report or decision is filed, or the jury is discharged, as the case may be, unless the court, for good cause shown and not ex parte, grants an additional time not to exceed thirty days."

Plaintiff's motion for new trial was not filed until September 30, more than two weeks after the 30-day period expired. No objection was made to its untimeliness. This, according to a joint affidavit of counsel, filed with us on appeal, was because the parties orally agreed to allow a motion for new trial beyond the time granted by the court. This oral agreement was not made known to the court.

On January 31, 1978, the trial court overruled the motion for new trial on its merits. Notice of appeal was filed by plaintiff on February 28, 1978.

Because jurisdiction was lost, notwithstanding the undisclosed agreement of counsel, we do not reach the merits of the case.

I. The question of jurisdiction has not been raised by either party. But we have said many times jurisdiction is something we consider *sua sponte*. *Recker v. Gustafson*, 271 N.W.2d 738, 739 (Iowa 1978); *City of Eldridge v. Caterpillar Tractor Co.*, 270 N.W.2d 637, 641 (Iowa 1978); *Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 467 (Iowa 1978); *Albion Elevator v. Chicago & N.W. Transp. Co.*, 254 N.W.2d 6, 11 (Iowa 1977); *DeKruyff v. Johnston*, 252 N.W.2d 389, 390 (Iowa 1977).

It is difficult to reconcile our cases on waiver of objection to untimely motions with those which consider jurisdiction following untimely motions. This is because of tension between their conflicting premises. Waiver cases, discussed in division II, proceed from the view that it would be unfair to allow an advantage to a party by reason of a failure he has agreed to. Jurisdiction cases, discussed in division III, acknowledge the public interest in judicial administration, especially in case flow management. For the most part, the waiver cases, discussed in division II, antedate the jurisdiction cases treated in division III. While the earlier cases are not entirely overruled by the more recent ones, we think it is now well established that any equities which might arise among the litigants from their agreements must yield to the court's clear duty to press for a conclusion of litigation.

II. *Waiver of objections to untimeliness.* Past cases focused on the principle that a party can waive an objection to the untimeliness of a motion for new trial by silence, consent, or stipulation. For example, in *Thompson v. Butler*, 223 Iowa 1085, 274 N.W. 110 (1937), a jury returned a verdict for the defendant. Thereafter the trial court gave an extension of time for filing a motion for new trial. In its order the court mistakenly granted the extension to defendant rather than to the unsuccessful plaintiff who was the moving party. Nevertheless, the plaintiff filed a motion for new trial. Subsequently, the trial court sustained the motion and defendant appealed. After the appeal was taken, the trial court entered an order *nunc pro tunc* to correct the evident mistake. The *nunc pro tunc* order stated plaintiff, not defendant, was accorded the extension. The defendant made a special appearance to contest the trial court's jurisdiction to correct the order of extension, contending the appeal had vested sole jurisdiction in the supreme court.

We denied defendant's claim without directly responding to his argument. Our holding was based on the ground that any error in allowing plaintiff to benefit from the extension was waived by the defendant. We stated: "It is . . . well established that the belated filing of a motion for new trial or exceptions to instructions may

be waived and the matters heard on their merits. [Authorities.]" 223 Iowa at 1090, 274 N.W. at 112.

The waiver of objection principle is even more strongly supported by *Home Sav. Bank v. Klise,* 205 Iowa 1103, 216 N.W. 109 (1928), cited in *Thompson.* Home Savings Bank obtained a judgment foreclosing a mortgage it held on Klise's farm. The judgment was cancelled after the foreclosure sale. Subsequently, on the bank's application, the judgment was reinstated. Thereafter Klise filed an untimely motion to reconsider the order of reinstatement. That motion was overruled on its merits.

On appeal the bank moved to dismiss the appeal as untimely. We rejected the argument. We held that the bank, by addressing or resisting the motion only on its merits, had waived any right to object by reason of its untimeliness. 205 Iowa at 1108–1109, 216 N.W. at 111. Although they can be distinguished, support for our holding in *Home Sav. Bank* can be found in *Berghammer v. Smith,* 185 N.W.2d 226 (Iowa 1971); *Dunham v. Des Moines Ry. Co.,* 240 Iowa 421, 35 N.W.2d 578 (1949); *Smith v. Smith,* 160 Iowa 111, 140 N.W. 659 (1913); *In re Assignment of Wilson,* 138 Iowa 225, 114 N.W. 551 (1908).

III. *Untimeliness of post-trial motion and subsequent jurisdiction.* In recent cases we held that jurisdiction is lost by the untimeliness of a post-trial motion. In *Qualley v. Chrysler Credit Corp.,* 261 N.W.2d 466 (Iowa 1978), the plaintiff (Qualley) filed an untimely motion under Iowa R.Civ.P. 179(b) to enlarge or amend the findings and conclusions of the trial court. The motion was overruled. Thereafter Qualley filed a notice of appeal. On appeal, defendant (Chrysler) argued we were without jurisdiction to consider the appeal because it was untimely. Chrysler argued that the untimely post-trial motion, though it was apparently not resisted as untimely in trial court, did not toll the running of the 30-day time for appeal, now Iowa R.App.P. 5.

The question turned on when the 30-day appeal period began to run. If the appeal time ran from the date of the trial court order overruling Qualley's post-trial motion it was timely. If the appeal period ran from the date the court entered its findings and conclusions it was untimely.

In granting Chrysler's request to dismiss the appeal we found that a timely filing of post-trial motions was mandatory and jurisdictional. We said:

The trial court was correct in holding plaintiff's motion to enlarge or amend was not timely. The question then becomes whether an untimely and hence defective post-trial motion tolls the running of the 30-day period within which an appeal must be taken.

Defendant maintains and plaintiff does not disagree that a defective post-trial motion does not toll the running of the 30-day period after final judgment within which an appeal must be taken under rule 335, R.C.P. We agree.

This court has held that *the requirement that notice of appeal be filed within 30 days from entry of the order, judgment or decree is mandatory and jurisdictional. and cannot be extended by the filing of an improper motion for new trial.* [Authority.]

There appears no logical reason why a different rule should be applied when the motion is for enlarged or amended findings and conclusions on an issue of fact tried to the court without a jury, whether by equitable or ordinary proceedings. The court therefore concludes a party's untimely motion to enlarge or amend will not toll the running of the 30-day period within which an appeal must be taken.

261 N.W.2d at 471. (Emphasis added.)

In other recent cases we have, on our own motion, dismissed appeals for reasons such as untimeliness though jurisdiction was not questioned by either party. *Recker v. Gustafson, supra,* 271 N.W.2d at 739 (Iowa 1978); *City of Eldridge v. Caterpillar Tractor Co., supra,* 270 N.W.2d at 641 (Iowa 1978); *Albion Elevator Co. v. Chicago & N.W. Transp. Co., supra,* 254 N.W.2d at 15 (Iowa 1977); *DeKruyff v. Johnston, supra,* 252 N.W.2d at 390 (Iowa 1977); *Mid-Continent Refrigerator Co. v. Harris,* 248 N.W.2d 145, 146–147 (Iowa 1976).

The trend of these cases, holding jurisdiction is lost by untimeliness, is aimed at delay. As such it is clearly in the public interest. As has been observed:

Any person with a controversy in court who is convinced of the merit of his position has a natural and proper desire to have it decided. Most litigants are not interested in the law for its own sake. They want to win their cases, and the sooner the better. Important issues of liberty and property frequently hang in the balance. The interests of litigants in having their cases expeditiously decided are legitimate and deserve serious judicial attention. The public, whom the judicial branch exists to serve, is entitled to no less.

McCormick, *Appellate Congestion in Iowa: Dimensions and Remedies,* 25 Drake L.Rev. 133, 135 (1975).

In light of the foregoing we think it is clear that jurisdiction was lost because of untimeliness and was not retained or recaptured by the agreement of counsel. Modern case flow management cannot accommodate such agreements on matters of jurisdiction.

By reason of the untimeliness of plaintiff's motion for new trial, the 30-day period for taking appeals was not tolled. Because we are without jurisdiction to entertain it, plaintiff's appeal must be and is dismissed.

APPEAL DISMISSED.

All Justices concur except ALLBEE, J., who concurs in the result.