DICKERMAN v. LUBIENS.

1. Practice on Appeal: STATEMENT IN ABSTRACT NOT SUPPORTED BY RECORD. This court cannot accept as true a statement in appellant's abstract where there is no claim that it is supported by the record.

2. Appeal: IMPEACHMENT OF RECORD OF TRIAL COURT. Where two decrees were entered by the clerk in the same case, and the defendant in the case moved to strike the one last entered from the record, as not being the decree of the court, and the court overruled the motion, *held* that the ruling could not be impeached on appeal.

3 ——: WHEN TAKEN: BURDEN OF PROOF. To give this court jurisdiction, it must be made to appear affirmatively that the appeal was taken within six months after the rendition of the judgment appealed from.

*Appeal from Mitchell District Court.*

WEDNESDAY, DECEMBER 15.

ACTION IN EQUITY. An entry of a decree appears to have been made by the clerk, and subsequently another decree was entered. The plaintiff moved to strike out the last entry as having been made without authority, and therefore void. The court overruled the motion, and the plaintiff appeals.

*F. F. Coffin,* for appellant.

*W. L. Eaton,* for appellee.

ADAMS, CH. J.—The first entry appears to have been made on the sixth day of the February term, 1885, of the court.

As to when the second was made, or when the decree as shown by it was rendered, the parties are not agreed. The decree purports to have been rendered on the same day as the first, but the entry stands later upon the record. The plaintiff states in his abstract that the decree, as shown by the later entry, was not signed until after the adjournment of the term; and his position is that the court had no jurisdiction after the term to enter the decree complained of. But the plaintiff's difficulty is that there does not appear to be anything in the record to sustain his assertion that the decree was not signed until after the adjournment of the term. We cannot take an abstracter's statement of a fact, where there is no claim that the fact appears from the record.

If the decree was signed and delivered to the clerk on the day on which it purports to have been rendered, it might be the decree of the court, notwithstanding the entry standing earlier upon the record, purporting to be made on the same day, but not signed by the judge; and the ruling below, holding the later entry to be the decree, cannot, we think, be impeached.

It is claimed that the decree, as shown by the later entry, is erroneous, under the issues and evidence. But such questions could be reviewed only on an appeal from the decree, taken within six months from the time of its rendition, and it is not made to appear affirmatively that the appeal was taken within that time.

AFFIRMED.