ANNIE HOLDORF FRETT, Appellant,. v. CHARLES HOLDORF, Appellee.

**APPEAL AND ERROR:** Time of Taking Appeal—Effect. An appeal
1  taken more than six (now four) months after the entry of judgment, but within said time after the overruling of a motion for a new trial, preserves for consideration on appeal all matters properly presented in the motion and not inhering in the judgment. (See Book of Anno., Vol. 1, Sec. 12832, Anno. '17 *et seq.*)

**LIMITATION OF ACTIONS:** Nonresidence—Evidence. Intermittent
2  absences from the state by a debtor in looking after his business affairs do not toll the statute.

Headnote 1: 3 C. J. p. 1044.   Headnote 2: 37 C. J. p. 1004.

*Appeal from Pottawattamie District Court.*—TOM C. WHITMORE, Judge.

DECEMBER 15, 1925.

REHEARING DENIED MARCH 19, 1926.

ACTION for damages for alleged assault, causing great fright to the plaintiff and consequent injury therefrom. The defense was a general denial, and a plea of the statute of limita-

tions. At the close of plaintiff's evidence, the defendant presented a motion for a directed verdict, on the grounds: (1) that the evidence failed to show an assault; (2) that the plaintiff's evidence disclosed that her action was barred by the statute of limitations. This motion was sustained, and a judgment was entered upon the directed verdict. Later, a motion for a new trial was filed by the plaintiff. This motion was overruled. Thereafter, the plaintiff purported to appeal both from the judgment and from the order overruling the motion for a new trial.—*Affirmed*.

*Cullison & Wyland* and *Turner & Turner,* for appellant.

*Preston & Dillinger* and *H. E. Churchill,* for appellee.

EVANS, J.—The case was before us upon a former appeal. *Holdorf v. Holdorf,* 185 Iowa 838. The substance of the evidence was stated in the former opinion, and will not be re-

1. APPEAL AND ERROR: time of taking appeal: effect.

peated here. The appellee challenges our jurisdiction to entertain the appeal from the judgment, on the ground that no notice of appeal was served within six months from the date thereof.

It appears from the record that the judgment was entered October 3, 1923; that the motion for a new trial was overruled on April 15, 1924; that the notice of appeal was served on October 11, 1924. It is clearly true, therefore, that we have no jurisdiction to entertain an appeal from the judgment. It is, nevertheless, true that the notice of appeal from the order overruling the motion for a new trial was timely, and that the plaintiff is entitled to a consideration of such errors as are assigned by her and predicated upon the order overruling the motion for a new trial. The brief of appellant assigns four errors, as grounds of reversal. Three of these grounds, first, second, and fourth, are predicated upon the record of the trial, and are directed against the judgment. These cannot be considered. The third ground is predicated upon the order overruling the motion for a new trial, and is as follows:

"3rd. The court erred in not sustaining the plaintiff's motion for a new trial because the record clearly showed that

the verdict was contrary to the evidence, and not sustained by the evidence.''

The sufficiency of the foregoing as a challenge to the order of the court directing a verdict is very doubtful. Solving the doubt in favor of the appellant, we turn to the record. This

2. LIMITATION OF ACTIONS: non-residence: evidence.

discloses a plea of the statute of limitations. The alleged assault was committed in August, 1914. This suit was begun in September, 1916, after the expiration of two years. In avoidance of the statute, the plaintiff pleaded that the defendant had been a resident of the state of Colorado during a considerable part of the intervening time. As bearing upon this issue, it appears that the plaintiff was the daughter-in-law of the defendant; that the defendant was the owner of certain farms in Pottawattamie County, upon one of which, known as the ''home farm,'' he had resided for many years. He became also the owner of a ranch in Colorado, which he was operating. It was once planned that the plaintiff and her husband should move upon the Colorado ranch and operate the same, and they did live thereon for a brief time. They returned to Iowa, and moved upon one of defendant's farms, known as the ''half section,'' and the defendant himself went to Colorado, to give personal attention to his ranch. The defendant was back and forth between the Colorado ranch and his ''home farm,'' spending the most of his time in Colorado. His family, consisting of his wife and four children, remained at home, and operated the farm for the defendant, and with his stock and his implements. In other words, the only change made in the occupancy and operation of the ''home farm'' was the personal absence of the defendant, while he was looking after his ranch in Colorado. There is no claim of desertion or abandonment of his family.

For the purpose of showing his nonresidence, the plaintiff put in evidence certain answers by the defendant as a garnishee, as follows:

''Q. Where do you live, Mr. Holdorf? A. Colorado. Q. How long have you lived there? A. Three years.''

She also put in evidence a contract entered into by the defendant, wherein he was described as ''Charles Holdorf, of Weld County, Colorado.''

The other facts which we have set forth above were disclosed by her own testimony. The fact that the defendant "lived" in Colorado, while attending to his ranch, was not inconsistent with the maintenance of his continued residence in Iowa on the farm where his family continued to reside, and to which he returned repeatedly during the period of his alleged "living" in Colorado. It was incumbent upon the plaintiff to show that he had become a nonresident. Section 3451, Code of 1897. She wholly failed in her proof at this point. This of itself would sustain the motion for a directed verdict.

The order appealed from is, accordingly, affirmed.— *Affirmed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.