PAUL E. MORROW, appellant, v. FLOYD M. GOODELL et al., appellees.

No. 48674.

(Reported in 68 N.W.2d 916)

March 8, 1955.

Rehearing Denied May 6, 1955.

Ferguson, Ferguson & Falk, of Shenandoah, for appellant.

Hiram S. Hunn, of Des Moines, for appellees Floyd M. and Aileen R. Goodell.

Keenan & Clovis, of Shenandoah, for appellees Roy Johnson, Ethel Johnson and Stanley Hanson.

Hays, J.—Floyd M. Goodell and Aileen Goodell, husband and wife, were joint tenants of real estate described as follows: N. ½ S.E. ¼ of Section 30, Township 67 North, Range 37 West of the 5th P. M., Page County, Iowa. September 8, 1953, a written contract of sale was prepared, naming Floyd and Aileen Goodell as grantors and Paul E. Morrow as grantee. Floyd Goodell and Morrow signed the same. Aileen refused. September 11, 1953, Floyd Goodell, by letter, repudiated the contract. October 9, 1953, Morrow brought this action for specific performance, naming Floyd Goodell, Aileen Goodell, Stanley Hanson, who was a tenant thereon, and Roy Johnson and Ethel Johnson, his wife, who claimed as purchasers under contract dated September 11, 1953, as parties defendants. On motion, the action was dismissed as to Aileen Goodell. March 3, 1954, a decree for specific performance was filed and also a finding that Johnson had no interest as against Morrow.

The decretal portion of the decree provided for specific performance as between Goodell and Morrow. It then provided: "The plaintiff and the defendant are ordered to execute such instruments of title and conveyances as are sufficient to convey title * * *, including rentals accrued during the year ending March 1, 1954; and they are hereby directed to perform each and all agreements, conditions and promises * * * ; except that

said plaintiff * * * shall have an abatement of the purchase price to the extent of one half thereof; and payment of said sum shall constitute full performance on his part. Jurisdiction is retained * * * for the purpose of such orders as may hereafter be necessary to enforce the provisions of this decree."

Thereafter, exact date not shown, plaintiff filed a "motion for order of court specifying and compelling performance of contract." There was a resistance and hearing and on May 26, 1954, the court filed its "order on motion." It directed plaintiff to pay the sum of $8000 with 5% interest from October 1, 1953, to March 3, 1954, less the sum of $703.88 (proceeds of half of the 1953 corn crop) with 5% interest from date of sale thereof, January 7, 1954 to March 3, 1954. It allowed plaintiff to deduct from the $8000 half of the mortgage indebtedness against the land, if he assumes and agrees to pay it with interest from March 1, 1954 (principal sum to be assumed—$3151.66). It ordered payment to Roy Johnson of $62.50 for plowing done by Johnson and $3.88 for insurance paid by Johnson. It taxed half of the costs to plaintiff and ordered that he pay half of the costs for continuation of the abstract of title from October 2, 1954. Plaintiff was to make payments within fifteen days and defendant was then ordered to deliver a warranty deed. If plaintiff failed to perform, his petition was to stand dismissed. If defendant failed, a commissioner would be appointed to execute the deed.

June 5, 1954, plaintiff filed a motion to "correct and amend" the order of May 26, 1954. July 14, 1954, the court overruled the motion and ordered compliance within twenty-four hours or be cited for contempt. July 19, 1954, plaintiff gave notice of appeal from the orders of May 26 and July 14, 1954, which brings the case to this court.

I. First to be determined is a question of jurisdiction. Appellee, in his brief and argument, contends·that the orders appealed from are not final decisions nor interlocutory rulings, and no appeal was taken as prescribed by our Rules of Procedure.

Rule 335 requires appeal to be taken within thirty days after final decision, unless there be pending a motion for a new trial under rule 247; and then within thirty days after ruling thereon. It is not claimed that permission to appeal was had under rule 332. The decree of March 3, 1954, appears to be final as to the

specific performance and is so accepted by both parties. That question is not involved on this appeal. The decree does not attempt to pin point the specific rights and duties of the respective parties under the contract and specifically retains jurisdiction to so specify. The motion and ruling thereon on May 26, 1954, were made under such retained jurisdiction and the order was intended as, and is, a final decision as to these matters.

Rule 244 deals with motions for a new trial. It is allowed from all or a portion of a final decision upon any of the grounds therein set forth. Among them are (e) error in fixing the amount of recovery in an action on a contract, and (h) errors of law occurring in the proceedings, or mistakes of fact by the court. The motion of June 5, 1954, is in effect a motion for a new trial by the court, based upon errors of fact and upon amounts to be paid, as prescribed in the May 26th order. Home Savings Bank v. Klise, 205 Iowa 1103, 216 N.W. 109; Thompson v. Butler, 223 Iowa 1085, 274 N.W. 110. Under section 4.1(23), Code of 1954, the motion of June 5, 1954, was filed within the ten days time prescribed in rule 247; and notice of appeal as per rule 335. We hold that this court has jurisdiction to entertain this appeal.

II. Appellant's appeal asserts several propositions but all are based upon the question "What did the parties to the contract agree to therein?"

The contract was signed September 8, 1953. As to appellant, it provided: Pay $16,000 for the land as follows—$2000 cash to be placed in escrow until marketable title is furnished by appellee; assume mortgage in the sum of $6425.99, as of September 1, 1953, then on the land; pay cash in sum of $7574.01 on October 1, 1953, being the date for delivery of a deed. As to appellee, it provided: Assign insurance and pay all taxes for the year 1953; deliver possession of the premises and all of the crops then on the premises, on October 1, 1953; within ten days after execution of the contract, deliver the abstract of title, certified to a date subsequent to date of the contract, for examination by appellant; thereafter and prior to date of closing the transaction, deliver abstract of title showing marketable title; deliver warranty deed on receipt of purchase price.

The record shows that throughout the entire litigation appellant has been able, ready and willing to perform in accordance with the terms of the contract.

III. Error is asserted as to the amount credited on the purchase price on account of crops and possession. This amount is $703.88 instead of $1250, as claimed by appellant.

 The contract price was stated to be $16,000, with full possession and *all* of the crops thereon to be delivered on October 1, 1953. The record clearly shows that in arriving at this figure of $16,000 the land was considered to be worth $13,500, and all of the crops and possession on October 1, 1953, to be worth $2500. Appellee's testimony is that he expected to settle with the tenant for his share, and appellant was to have all. It appears that the tenant took his share and appellee, his, which he sold in January 1954. It further appears that possession was not delivered October 1, 1953; nor does it specifically appear that possession has ever been delivered. At the hearing on the first motion, appellee testified: "I don't know whether he (tenant) was off October 1st. I don't know when he got off the farm. I don't know if he is on the premises now." Under the decree directing specific performance, March 3, 1954, only the undivided half interest of Floyd Goodell was to be conveyed and one half of the purchase price was abated. Neither party has taken exception to this provision. Under the recognized rule in specific performance that courts in granting it will not revise or remake the contract between the parties, but will, however, give them the benefits of their contract as far as possible (Ormsby v. Graham, 123 Iowa 202, 98 N.W. 724; Nelson v. Robinson, 189 Iowa 1076, 178 N.W. 416; 49 Am. Jur., Specific Performance, section 171, page 194; 81 C. J. S., Specific Performance, section 162 (e), page 777) appellant is entitled to a reduction of the $13,500 to $6750 and the $2500 to $1250, making the $8000 accepted by both parties as the amount appellant should pay. He was allowed $703.88. We think it should be $1250, or $546.12 more than allowed in the May 26th order.

 IV. Error is claimed in the order to pay Johnson $62.50 for fall plowing. This plowing was done under his contract of purchase from the Goodells, under which contract the court held he had no rights as against appellant. So far as appellant is con-

cerned, Johnson was a mere trespasser when he did the plowing. On the unjust-enrichment theory, advanced by appellee, the record does not show, except by mere surmise, that appellant has ever been in possession or received any benefits of the plowing. This $62.50 is erroneously charged to appellant.

█ V. The trial court ordered interest payment on the purchase price of $8000 at 5% per annum from October 1, 1953, to March 1, 1954, less credit for mortgage assumed and less credit as to crops. This is asserted to be error, and we agree. As to the $2000 cash to be placed in escrow, it appears this sum has been since September 9, 1953, and is now, held by the escrow agent. While appellee has not had the benefit thereof, it has been available to him the moment he delivered the deed and marketable title.

While the record is not clear, we are assuming that appellant entered into possession of the real estate sometime after the March 3rd decree. As to the $2000 held in escrow, appellant is entitled to 5% interest per annum thereon from October 1, 1953, to date of entry into possession; which date we, perhaps arbitrarily, fix as March 1, 1954. No interest is due appellee thereon. Allowing appellant credit on the purchase price, as of March 1, 1954, in the sum of $3151.66 for assumed mortgage; $1250 for value of crops and October 1st possession; and the $2000 placed in escrow, plus 5% interest thereon from October 1, 1953 to March 1, 1954, being $41.66, the balance cash payment due as of March 1, 1954, amounts to $1556.68. On this amount appellee is entitled to interest at 5% per annum from March 1, 1954, to date of delivery of deed and abstract, it not appearing that appellant has not had use of this money since the date he went into possession. See Mitchell v. Mutch, 189 Iowa 1150, 179 N.W. 440; Dee v. Collins, 235 Iowa 22, 15 N.W.2d 883.

█ VI. Error is asserted in the order to appellant to pay half of the cost for the continuation of the abstract of title from October 2, 1953, to date when the deed is delivered.

Under the contract appellee was to deliver abstract of title, certified to a date subsequent to date of the contract. It appears from the record that an abstract of title, certified to October 2, 1953, together with a deed dated April 2, 1954, was tendered, conditional upon payment in accordance with certain attached condi-

tions; and that to date of the July 14th order no abstract of title has ever been delivered for examination purposes, nor one certified to a date later than October 2, 1953. It is appellee's duty, not appellant's, to have abstract continued to date of the delivery of deed, showing marketable title. If extra expense therefor is incurred, the record shows same to be due to appellee's refusal to perform according to the terms of the contract. He alone must bear this added expense. Appellant is entitled to the right to examine an abstract of title, certified to a date subsequent to the date of the filing of a decree in conformity with this opinion; appellee, with a reasonable time to correct defects appearing in the title, if any, and upon a tender of such abstract together with warranty deed, as of the date of the certified abstract of title, to receive payment of amount due him, as set forth above.

VII. The trial court taxed half of the costs to appellant, which is assigned as error. Under the entire record a fair apportionment of the costs would be one fifth of the district court costs to appellant and the remainder to appellee. Costs of this appeal are taxed to appellee.

Cause reversed with directions to enter a decree in accordance herewith.—Reversed and remanded with directions.

WENNERSTRUM, C. J., and BLISS, GARFIELD, OLIVER, SMITH, MULRONEY, and THOMPSON, JJ., concur.