CLARENCE NEFF and MRS. MAE NEFF, appellees, v. IOWA STATE HIGHWAY COMMISSION, appellant.

No. 50373.

OCTOBER 17, 1961.

Evan L. Hultman, Attorney General, of Des Moines, C. J. Lyman, Special Assistant Attorney General, James E. Thomson,

General Counsel, both of Ames, and James H. Cothern, of Osceola, for Iowa State Highway Commission, appellant.

Killmar & Reynoldson, of Osceola, for appellees.

PETERSON, J.—Plaintiffs were the owners of 200 acres of land near Osceola in Clarke County. It is in the path of Interstate Highway No. 35. The highway runs through the center of the farm, leaving 88.4 acres on the east side, and approximately 93 acres on the west side. The highway took approximately 18½ acres of plaintiffs' farm.

Application for condemnation was made by the Iowa State Highway Commission and the appraisal was held on July 12, 1957. The appraisers awarded plaintiffs $13,163.50.

Plaintiffs appealed to the District Court and the case was tried in January 1960. On January 8, 1960, the jury returned a verdict fixing the amount of plaintiffs' recovery at $18,500.

On January 19, 1960, plaintiffs filed motion for judgment on the verdict, requesting that the court enter judgment for the amount of the verdict of $18,500, together with interest and costs, and fees as provided by statute.

On January 21, 1960, defendant filed resistance to motion for judgment on the verdict alleging that the interest should not commence to run on July 12, 1957, the date of the award by the appraisers, but should begin on May 15, 1958, the date on which defendant claims it took possession.

On February 19, 1960, the trial court filed its judgment entry on condemnation appeal. It entered judgment for $18,500 with five per cent interest from July 12, 1957, and made an allowance of $1750 attorney fees in favor of plaintiffs' attorneys. The total court costs, including attorney fees, were $1870.92.

On February 26, 1960, defendant filed "Motion for enlarged or amended findings and conclusions." The only question raised in the motion was that the interest should commence to run on the judgment from May 15, 1958, and not from July 12, 1957. On March 29, 1960, the trial court overruled the motion.

On April 11, 1960, appellant filed notice of appeal to the Supreme Court from the judgment entry on condemnation appeal, as to the date of commencement of interest.

On March 28, 1960, appellees filed motion to dismiss the appeal, to which motion appellant filed resistance.

The basis for the motion to dismiss is that the notice of appeal was not given within thirty days from February 19, 1960, when the final judgment in the case was entered by the court.

The contention of appellees is that defendant did not file a motion for judgment notwithstanding the verdict as provided by R. C. P. 243 nor a motion for new trial under R. C. P. 244.

Rule 335 in part provides: "Time for appeal. Appeals to the supreme court must be taken within, and not after, thirty days from the entry of the order, judgment or decree, *unless a motion for new trial or for judgment notwithstanding the verdict* is filed as provided in rule 247, and then within thirty days after the ruling on such motion; * * *." (Emphasis ours.)

Appellees therefore contend that no document was filed under R. C. P. 247 extending the time for filing notice of appeal.

Appellant's motion is called "Motion for enlarged or amended findings and conclusions." It is the contention of appellees that such motion was neither a motion for judgment notwithstanding the verdict, nor a motion for new trial as outlined in R. C. P. 247. Therefore, the filing of the notice of appeal on April 11, 1960, was not timely and was filed almost two months late. No new question was raised in the motion. The question raised had been settled in the judgment entry.

Appellant contends that its motion was, in fact, a motion for new trial. Appellees allege the words "enlarge or amend findings and conclusions" are not synonymous with "new trial."

Although not too directly in point, appellees cite in support of their position the cases of Mollring v. Mollring, 184 Iowa 464, 167 N.W. 524; Burt v. Burt (no Iowa Report), 35 N.W.2d 847; Jackson v. Jackson, 248 Iowa 1365, 85 N.W.2d 590. It is our position that this specific question has not heretofore been directly before this court.

The words "findings may be enlarged or amended" are used in R. C. P. 179(b). Such words do not appear in R. C. P. 335, as affecting the thirty-day period for notice of appeal.

We will consider the cases and citations of appellant in support of its position.

The first case cited is Kendall v. Lucas County (1868) 26 Iowa 395. The case is not applicable as supporting appellant's position. The judgment was rendered on November 7, 1867. A motion for new trial was timely filed. The motion for new trial was overruled by the court on April 3, 1868. In 1868, under the statutes in effect at that time, the aggrieved party had one year in which to serve notice of appeal. The notice of appeal was served on November 11, 1868. It, therefore, appears that the notice was timely served, being served long before the expiration of the year on which ruling was made by the trial court on a motion for new trial.

Appellant cites Home Savings Bank v. Klise, 205 Iowa 1103, 1107, 216 N.W. 109, 110. The court said: "The abstract states: 'Thereupon, the court did consider said ruling and heard the parties hereto fully.' Regardless of what it was called, it was so considered by the parties and the court, and served the purpose of a motion for a rehearing or new trial." Having been so considered by both parties and the court, it does not support appellant's position in the instant case.

See also Stover v. Central Broadcasting Co., 247 Iowa 1325, 1332, 78 N.W.2d 1, 5. We said: "* * * we have thought it advisable to call attention to the law governing attempted appeals from rulings denying motions to set aside or vacate or reconsider previous rulings. Generally such an appeal raises no legal question and no error may be predicated upon it." By analogy this sustains appellees' position.

Another case cited by appellant is Morrow v. Goodell, 246 Iowa 982, 985, 986, 68 N.W.2d 916, 918. The case is not applicable because of the distinction made by this court in its decision. We stated:

"The decree of March 3, 1954, appears to be final as to the specific performance and is so accepted by both parties. That question is not involved on this appeal. The decree does not attempt to pinpoint the specific rights and duties of the respective parties under the contract *and specifically retains jurisdiction to so specify*. The motion and ruling thereon on May 26,

1954, were made under such retained jurisdiction and the order was intended as, and is, a final decision as to these matters." (Emphasis ours.)

In re Estate of McAllister, 191 Iowa 906, 183 N.W. 596, involves a final order as to final report of executors. The court held that an appeal from the order on such report would also cover any orders made by the court in the process of administration of the estate. It does not support appellant's contention.

In the Author's Comment with reference to R. C. P. 335, appearing on page 140 of Volume 4 of I. R. C. P., the following statement appears: "This Rule is mandatory and jurisdictional. It differs in this respect from the other steps *after* appeal is taken, which may be enlarged or waived. Neither the adverse party nor the court can waive or enlarge the time fixed by this Rule. Being jurisdictional, the court must dismiss a late appeal on its own motion, even if the point is not raised. Former decisions on the jurisdictional effect of a late appeal still govern."

▮ Appellant contends the ruling of February 19, 1960, was not a final order and that it is contrary to section 472.23 of the Code, which provides: "On the trial of the appeal, no judgment shall be rendered except for costs, but the amount of damages shall be ascertained and entered of record." The trial court, in its judgment entry on February 19, 1960, entered judgment for the $18,500 awarded by the trial jury; interest from July 12, 1957; attorney fees as provided by statute; and all costs in the case. This cannot be interpreted on any other basis than a finality.

▮ The question, therefore, is whether the words "enlarge or amend" can be held by us to mean "new trial." It is our holding that they are not synonymous. In fact they denote contradiction. Our general attitude toward interpretation of our rules is to permit a liberal construction. However, by no possible spirit of liberality, nor by the broadest stretch of imagination can we interpret "enlarge or amend" to mean "new trial."

▮ The motion to dismiss the appeal is sustained. This court, therefore, has no further jurisdiction in the case. Dicker-

man v. Lubiens, 70 Iowa 345, 30 N.W. 610; Freet v. Holdorf, 201 Iowa 748, 206 N.W. 609; Burt v. Burt, supra.

We do not reach the alleged error of appellant that the court did not commence the interest at the right date. We do not reach the contention of appellees that when appellant paid the corpus of the award of $18,500 to the Clerk of Court it waived its right of appeal.

The appeal to this court is therefore dismissed.—Appeal dismissed.

All JUSTICES concur except BLISS, J., not sitting.