Gladys L. LUNDBERG, Appellee,

v.

Charles R. LUNDBERG, Appellant.

No. 53431.

Supreme Court of Iowa.

July 24, 1969.

---

5. "It (the legislature) has little time and little taste for the job of keeping the common law current."

McCarville, Bennett & Ferguson, Dayton, for appellant.

Thomas L. McCullough, Sac City, for appellee.

BECKER, Justice.

Defendant filed notice of appeal from supplemental divorce decree and ruling on exceptions thereto. Plaintiff filed motion to dismiss appeal asserting the appeal was not perfected within 30 days after entry of the order, judgment or decree from which appeal is sought and the orders do not come within any of the exceptions in rule 335, Rules of Civil Procedure. We dismiss the appeal.

I. The procedural history is as follows. January 27, 1967 a decree of divorce was granted plaintiff wife incorporating a stipulation; February 15, 1967 motion was filed by defendant former husband, as provided in R.C.P. 252 and 253, to set aside the decree because of fraud; July 19, 1967 ruling on motion to set aside decree plus a supplemental decree; July 28, 1967 defendant filed exceptions to ruling of July 19 and application to reconsider or modify the supplemental decree; September 19,

1967 ruling and order on defendant's exceptions and application of July 28, 1967 was filed; October 11, 1967 defendant filed notice of appeal from rulings and orders of July 19 and September 19, 1967.

R.C.P. 335 provides: "Time for appeal. Appeals to the supreme court must be taken *within, and not after, thirty days from the entry of the order, judgment or decree,* unless a motion for new trial or for judgment notwithstanding the verdict is filed as provided in R.C.P. 247, and then within thirty days after the ruling on such motion; * * *." (Emphasis added.)

■ R.C.P. 335 is mandatory and compliance is necessary to obtain jurisdiction in the supreme court. Sandler v. Pomerantz, 257 Iowa 163, 165, 131 N.W.2d 814; Jackson v. Jackson, 248 Iowa 1365, 1368, 85 N.W.2d 590; Eggermont v. Service Life Ins. Co., 237 Iowa 301, 303, 21 N.W.2d 761; Stoler v. Turner, 236 Iowa 628, 19 N.W.2d 585; 4 Cook, Iowa Rules of Civil Procedure, author's comment on R.C.P. 335 at page 140.

■ The motion to dismiss appeal must be sustained unless defendant's July 28, 1967 filing which is denominated, Exceptions to Findings, Conclusions and Supplemental Decree, and Application to Reconsider or to Modify Supplemental Decree falls within one of the exceptions set out in R.C.P. 335 above. We hold the papers, which we hereafter refer to as defendant's motion, constitute neither a motion for a new trial under R.C.P. 244 nor a motion for judgment notwithstanding the verdict under R.C.P. 243 but are a motion in accordance with R.C.P. 179(a) and 179(b) which provide in pertinent part: "The court trying an issue of fact without a jury, whether by equitable or ordinary proceedings, shall find the facts in writing, separately stating its conclusions of law; and direct an appropriate judgment. * * *.

"On motion joined with or filed within the time allowed for a motion for a new trial the findings may be enlarged or amended, and the judgment modified accordingly. * * *."

Neff v. Iowa State Hgwy. Comm., 253 Iowa 98, 100, 101, 102, 111 N.W.2d 293, is directly in point: "Appellants' motion is called 'Motion for enlarged or amended findings and conclusions.' It is the contention of appellees that such motion was neither a motion for judgment notwithstanding the verdict, nor a motion for new trial as outlined in R.C.P. 247. Therefore, the filing of the notice of appeal on April 11, 1960, was not timely and was filed almost two months late. No new question was raised in the motion. The question raised had been settled in the judgment entry. * * *.

"The words 'findings may be enlarged or amended' are used in R.C.P. 179(b). Such words do not appear in R.C.P. 335, as affecting the thirty-day period for notice of appeal. * * *.

"See also Stover v. Central Broadcasting Co., 247 Iowa 1325 [1332], 78 N.W.2d 1, 5. We said: '* * * we have thought it advisable to call attention to the law governing attempted appeals from rulings denying motions to set aside or vacate or reconsider previous rulings. Generally such an appeal raises no legal question and no error may be predicated upon it.' By analogy this sustains appellees' position." The holding of the case is that such a motion does not extend time to appeal.

II. Defendant argues his motion is in essence a motion for judgment notwithstanding the verdict and should be so considered. We cannot equate this motion with a motion for judgment notwithstanding the verdict. The motion avers that even though the trial court found equitable fraud it failed to provide for visitation rights for the summer of 1967, failed to provide a two-week visitation right during summer months and failed to require security for performance of the duties imposed by the decree. There is no prayer either for a new judgment or a modification. No reference is made to the gravamen of the original appli-

cation to set aside the entire divorce decree on grounds of fraud. The motion is similar to Neff v. Iowa State Hgwy. Comm., supra, where we said we could not interpret a motion requesting enlargement and amendment of the decree to be a motion for a new trial. Plaintiff's motion to dismiss is sustained.

III. Alternatively defendant argues in his reply brief that the district court is always open to hear and determine custodial questions, if welfare of divorced parents demand such consideration. It is true the district court retains jurisdiction of custody matters, section 598.14, Code, 1966, but in determining these matters the welfare of the children is of paramount importance. R.C.P. 344(f) (15). In any event the principle will not sustain this appeal.

IV. Because this matter does involve the custody of the two minor children, now ages 9 and 10, we should say we have examined the record with care and conclude the trial court's disposition of the case on July 19, 1967, with the slight clarification made September 19, 1967, was correct.

Defendant's complaints are that in the initial divorce proceedings he had defended the case. Plaintiff induced him to withdraw his appearance and enter a stipulation which was made a part of the decree. The stipulation provided for custody of the children to be placed in plaintiff, but defendant was to have them two weekends of each month and for two weeks each summer. Defendant was to pay $100. per month support for the children. Immediately after the divorce plaintiff took the children, went to Florida and married James Allen on the way. The marriage was, of course, contrary to our statutes which require a specific order if remarriage to another person is to be consummated within one year of the decree. Section 598.17, Code, 1966.

Defendant's position is that by concealing her intent to move to Florida and to marry James Allen, plaintiff was guilty of such fraud as to vitiate the divorce. His case is somewhat weakened by his testimony: "Q. Mr. Lundberg, did your wife ever give you any indication that she was going to take the children out of the State of Iowa? A. No, or that she was going to be married. All she said was that she was going to be a long ways away. She always had to be near her mother and I gambled she would never do a thing like that. She said she was going to get a long ways away from me in order to forget me."

The court found plaintiff was guilty of equitable fraud in tricking defendant into signing a stipulation and allowing plaintiff to obtain an uncontested divorce. But the court concluded the fraud shown was not such as to justify setting aside the decree or substantially changing the custodial provisions. As we read the decree the trial court was not so much concerned with the rights of Mr. Allen, who could hardly be considered an innocent third party, as it was with the welfare of the children.

Defendant's original motion was filed promptly, within three weeks of the date the decree was granted, but the trial court's reluctance to set aside the decree was wise. Swift v. Swift, 239 Iowa 62, 69, 29 N.W.2d 535, 539, states: " * * *. In many situations it may be in the public interest to recognize an invalid divorce and preserve a remarriage rather than to resort to a dubious attempt to resurrect the original marriage." It is apparent the court's first concern was for the children. The situation confronting the court was a newly acquired home in Florida, evidence the children were being well cared for with no real complaint against the mother, as a mother, except her move to Florida and prompt remarriage. Defendant father could only offer, at present, to raise the children in a foster home with frequent visitation by him.

The court wisely chose to leave the situation as it was except to place on plaintiff

the burden and obligation of returning the children each summer. This, under the situation then existing, was as close to an equitable result as could be achieved. If the case were considered on its merits, it would be affirmed. Section 598.14, Code, 1966. In support of the trial court's reasoning see Clark, Law of Domestic Relations, sections 11.3 and 13.10; 12 A.L.R.2d 153, Annotation, Vacating or Setting Aside Divorce Decree After Remarriage of Party; 22 A.L.R.2d 1312, Annotation (on power to set aside default divorce decrees); 70 Yale Law Journal 45, Estoppel Against Jurisdictional Attack On Decrees of Divorce; Sorenson v. Sorenson, 254 Iowa 817, 119 N.W.2d 129; Swift v. Swift, supra.

Appeal dismissed.

All Justices concur.