Martin J. SYKES et al., Appellants,

v.

IOWA POWER & LIGHT COMPANY, Appellees.

No. 2–59071.

Supreme Court of Iowa.

March 22, 1978.

Wunschel Law Firm, by Russell S. Wunschel and James R. Van Dyke, Carroll, for appellants.

Gamble, Riepe, Burt, Webster & Fletcher, by Bennett A. Webster, Des Moines, and Vest & Mather, by Alan Vest, Sac City, for appellees.

Considered by MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and HARRIS, JJ.

RAWLINGS, Justice.

Landowners appeal judgments on jury verdicts and cost awards in four consolidated public utility eminent domain proceedings. We dismiss in part, modify and affirm in part.

In October 1974, Iowa Power & Light Company (Iowa Power) commenced condemnation proceedings pursuant to Section 472.3, The Code 1973, against numerous Sac County landowners. A compensation commission assessed damages sustained by the taking. Martin J. and Ellen C. Sykes, Anthony P. and Anita F. Roeder, Marvin and Veronica Roeder, and Walter F. and Maxine Kessler (Landowners) were dissatisfied with the commission awards and appealed to district court pursuant to §§ 472.18 and 472.19. For convenience these four condemnation appeals will occasionally be referred to as a single action.

By jury verdict the damages were in each instance substantially increased. Trial court thereafter awarded costs, including attorney fees, to Landowners pursuant to § 472.33. Still dissatisfied, Landowners appeal to this court. Other facts will be developed as necessary.

These are the issues here raised:

(1) Was Landowners' notice of appeal timely as to judgment rendered on jury verdict?

(2) Did trial court abuse its discretion in permitting Iowa Power's "eleventh-hour" expert witness to testify?

(3) Did trial court err in excluding certain evidence regarding damage to Landowners' property?

(4) Are attorney fees awarded so inadequate as to constitute an abuse of discretion?

Not all of these issues need be entertained.

I. By motion to dismiss Iowa Power preliminarily questions timeliness of the instant appeal as to the merits, i. e., issues (2) and (3). This is the chronological array of events from which such motion emanates:

October 24, 1975—Jury verdict returned.

October 29—Landowners moved for new trial.

October 29—Landowners applied for award of attorney fees.

November 5—Judgment entered on verdicts.

November 7—New trial motion overruled.

November 26—Attorney fees awarded and judgment attendantly entered.

December 5—Landowners moved for reconsideration of attorney fees awarded.

January 2, 1976—Motion to reconsider overruled.

January 8—Landowners gave notice of appeal to Supreme Court "from the judgment herein entered on the 2nd day of January, 1976, and all rulings and Orders inhering therein."

It is at once apparent trial court's November 26th judgment entry constituted an appealable final adjudication. See *Neff v. Iowa State Highway Commission*, 253 Iowa 98, 102, 111 N.W.2d 293, 296 (1961); § 472.23.

Noticeably, the thirty day time limit for taking appeal from such adjudication is now tolled by a motion to reconsider under Iowa R.Civ.P. 179(b). See Iowa R.Civ.P. 335, as amended by Ch. 1311, 1970 Regular Session of the Sixty-Third General Assembly (Iowa R.App.P. 5). Statements to the contrary in *Neff* and *Lundberg v. Lundberg*, 169 N.W.2d 815, 817 (Iowa 1969), are no longer controlling. Consequently, Landowners' appeal notice filed six days after overruling of their rule 179(b) motion was timely as to the attorney fees award.

But Landowners unavoidably concede more than thirty days elapsed between their new trial motion denial and notice of appeal. They also agree their motion to reconsider was, in substance, directed only to the attorney fees award.

On this basis Iowa Power posits judgment on the merits became final when Landowners' attendant new trial motion was denied. That contention has merit.

In this regard R.App.P. 1(a) states in part: "[A]ny order denying a new trial shall be deemed a final decision." See *Helland v. Yellow Freight System, Inc.*, 204 N.W.2d 601, 605 (Iowa 1973); *Zimmerman v. Purex Corporation, Ltd.*, 256 Iowa 190, 195, 125 N.W.2d 822, 825 (1964). Moreover, *Schrader v. Sioux City*, 167 N.W.2d 669, 672 (Iowa 1969), teaches that in a case such as this there can be two appealable determinations: overruling of a new trial motion and the attorney fee award.

Without question Landowners had thirty days in which to appeal denial of their new trial motion. But the time period ran unaffected by the unrelated motion to reconsider, resulting in a lapse of some sixty days before attendant appellate action was here taken.

Consequently, we are without jurisdiction to review district court proceedings on the merits. Therefore, as to issues (2) and (3), this appeal is dismissed. *State v. Search Warrant*, 234 N.W.2d 874, 875 (Iowa 1975). In brief, our review is restricted to the attorney fee awards.

II. Standards applicable to allowance of attorney fees in condemnation proceedings and appellate review thereof are well settled. As articulated in *Nelson v. Iowa State Hgwy. Comm.*, 253 Iowa 1248, 1256–1257, 115 N.W.2d 695, 700 (1962):

> "The burden of showing the services rendered and the value thereof rests upon the claimant. Our review of the allowance of fees is not de novo. We should not increase the amount unless manifestly inadequate. The trial court has considerable discretion in fixing attorney fees though the exercise thereof must be reasonable, not arbitrary. The evidence considered, here the affidavit of counsel, and the matters known to the court from the trial of the case, must be such as to support the allowance made. Where the service performed reasonably supports a larger allowance and the allowance made is manifestly inadequate when the evidence and all matters necessarily involved are considered, the trial court has abused its discretion and acted arbitrarily, and it becomes our duty to make a proper allowance.

> "In determining a reasonable attorney fee to be taxed as costs in this type of case a number of matters should be considered. They include the time spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of issues, responsibility assumed, and the results obtained. In addition, the recovery of a fee in this type of action is wholly contingent upon plaintiff recovering damages in a larger amount than awarded by the condemnation commission." (citations omitted).

See also *Carmichael v. Iowa State Highway Commission*, 219 N.W.2d 658, 662–664 (Iowa 1974); *Hetherington Letter Co. v. City of Cedar Rapids*, 207 N.W.2d 800, 804–805 (Iowa 1973); *Jones v. Iowa State Highway Commission*, 185 N.W.2d 746, 753 (Iowa 1971).

Extensive discussion will serve no useful purpose. Trial court exhaustively analyzed the law and facts in light of familiar precedents. Nevertheless, the effects of inflation have apparently been overlooked. Just as the cost of living has steadily risen in recent years, so too has a lawyer's overhead escalated. In most instances this means the basis upon which attorney fees were determined in 1967, for example, will not today suffice. See generally *Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974); *Dworak v. Dworak*, 195 N.W.2d 740, 742 (Iowa 1972).

However, in three of the involved cases trial court awarded attorney fees approximating only 29% of the sum represented by jury verdicts returned. Such was both inadequate and unrealistic, notwithstanding inflation-related land value increases. See *Hetherington*, 207 N.W.2d at 802.

This is especially true where, as here, diligent preparation and representation by counsel resulted in jury verdicts which more than doubled the compensation commission awards.

Mindful of the above noted inflationary impact, we are convinced the time and efforts devoted to these causes by Landowners' counsel are mainly deserving of a more practical fee treatment than was accorded below.

 On the other hand, consolidation of these four cases and counsel's representation of some twenty other Sac County residents affected by the same power line construction make Landowners' time and expense based fee request so inordinate as to be equally unrealistic.

In light of the foregoing, this court now holds these to be the reasonable attorney fees to which plaintiffs are respectively entitled:

Mr. and Mrs. Martin Sykes $2250.00
Mr. & Mrs. Walter Kessler $3500.00
Mr. & Mrs. Marvin Roeder $2500.00
Mr. & Mrs. Anthony Roeder $1530.00

The fee judgments below shall be accordingly modified and thus affirmed.

Costs on appeal are taxed one-half to Iowa Power & Light Company, one-half in equal part to the several appealing Landowners.

Dismissed in part, modified and affirmed in part.